ELLIS, Judge:
This is a suit for amounts allegedly due for the lease of a refrigerated trailer. Plaintiff is Gill Truck & Trailer Rentals, Inc., and defendant is Hunter Truck Lines, Inc. After trial on the merits, judgment was rendered in favor of defendant, and plaintiff has appealed.
The lease contract in evidence shows that it was executed on behalf of defendant by E. Hebert, on November 2, 1970. It is undisputed that defendant’s check, to the order of plaintiff, was used to make the $150.00 deposit reflected on the lease. There is nothing in the record to show what representations, if any, were made by Mr. Hebert.
It is further uncontradicted that one Elmer J. Hebert had been employed by defendant, but was discharged several days before November 2, 1970. Elmer J. Hebert was a truck driver and had never been given authority to act on behalf of defendant during the time of his employment. The $150.00 check was written as an advance to Jack Gilliman, who was then defendant’s dispatcher, and was made out to plaintiff at his request.
The trailer broke down in Cleveland, Ohio. Eventually, it was repaired and shipped home at plaintiff’s expense. Plaintiff wrote defendant about the matter on November 27, 1970, and January 6, 1971, and sent bills for amounts allegedly due on December 7 and .17, 1970, and on January 6 and March 24, 1971. Defendant did not respond to any of these communications.
Defendant had rented a trailer from plaintiff on one prior occasion, at which time the lease contract was executed by *511 Byard Edwards, Jr., President of Hunter. Mr. Edwards testified that he was the only person who had authority to make such a contract. He further testified that on November 2, 1970, Hunter was not licensed to operate interstate or to haul refrigerated loads.
Mr. Hebert, Mr. Gilliman, and plaintiffs dispatcher, who wrote the subject lease contract, did not testify at the trial because they could not be located. Mr. Gilliman had been fired by Mr. Edwards on November 20, 1970. Mr. Hebert had been again employed by defendant between October 15 and December 31, 1971, but was gone by the time of the trial herein.
Plaintiff alleges several errors on the part of the trial court. The first of these is that Mr. Hebert’s lack of authority to act is an affirmative defense which must be specially pleaded. Defendant filed only a general denial. It is claimed that no evidence should have been admitted on that point. We note, however, that the question of Mr. Hebert’s authority and his employment by defendant are specified as contested issues of fact and law in the pre-trial order. Under the express provisions of Article 1551 of the Code of Civil Procedure, the order controls the subsequent course of the action. Plaintiff’s objection is therefore without merit.
Plaintiff next contends that defendant is estopped to deny Mr. Hebert’s authority to enter into the lease, because it permitted its check to be used to make the deposit, and thereby, negligently or otherwise, endowed him with the apparent authority to enter into the lease.
In Chaffe v. Stubbs, 37 La.Ann. 656 (1885), the court said:
“Whoever deals with an agent is put on his guard by the very fact and does so at his risk. It is his right and duty to inquire into and ascertain the nature and extent of the powers of the agent and to determine whether the act or contract about to be consummated comes within the province of the agency and will or not bind the principal.”
See also Buckley v. Woodlawn Development Corporation, 233 La. 662, 98 So.2d 92 (1957).
There is nothing in the record to show that plaintiff made any inquiry relative to Mr. Hebert’s authority. Plaintiff’s only prior dealing with defendant had been through Mr. Edwards, defendant’s president, which furnishes no basis for presuming that Mr. Hebert was properly authorized to act for defendant. We do not believe that possession of the check, in itself, is sufficient to endow Mr. Hebert with apparent authority to act for his former employer.
Neither can plaintiff claim the benefit of the doctrine of equitable estoppel, since, having failed in its duty to inquire, it can not now assume the position of an innocent party.
Third, it is contended that by failing to repudiate immediately the alleged agency of Mr. Hebert, defendant thereby ratified his action in executing the contract. It is true that, under certain circumstances, the failure to repudiate the ultra vires act of one purporting to act on behalf of another, can result in a ratification of the act. However, in such cases, it is generally true that the principal not only had full knowledge of the act of the agent, but also accepted the benefit thereof. See Ledoux v. Old Republic Life Insurance Company, 233 So.2d 731, 736 (La.App. 3 Cir. 1970).
 In this case, there is nothing in the record to indicate that defendant was advised that Mr.' Hebert had signed a contract on its behalf until this suit was filed. Such an agency is not alluded to in either of the letters addressed to defendant by plaintiff, and there is nothing in the record to indicate any other communication between the parties hereto. There is no evidence in the record to suggest that defend *512 ant in any way benefitted from the rental of the trailer. We find no ratification of Mr. Hebert’s act by virtue of defendant’s alleged failure to repudiate same. Neither do we find merit in plaintiff’s contention that defendant ratified Mr. Hebert’s act by rehiring him in October, 1971.
There being no merit in plaintiff’s specifications of error, the judgment appealed from is affirmed, at plaintiff’s cost.
Affirmed.