281 So.2d 469 (1973)
TRANSPORT REFRIGERATION OF LOUISIANA, INC.
v.
Jerry D'ANTONI, d/b/a Deep South Transport and Sal D'Antoni, d/b/a D'Antoni Motor Lines.
No. 5709.
Court of Appeal of Louisiana, Fourth Circuit.
August 7, 1973.
*470 Cronvich & Wambsgans, Richard M. Michalczyk, Metairie, for plaintiff-appellee.
A. Patrick Dehon, Jr., New Orleans, for defendant-appellee.
Anthony J. Russo, New Orleans, for defendant-appellant.
Before LEMMON, J., and FEDOROFF and GAUTHIER, JJ., Pro Tem.
LEMMON, Judge.
In this suit for the cost of repairs to the refrigeration unit of a trailer, Jerry D'Antoni has appealed from a judgment holding him personally liable. The issue on appeal is whether or not D'Antoni contracted in an individual or a representative capacity for the repairs.
Plaintiff originally sued Jerry D'Antoni, d/b/a Deep South Transport and Sal D'Antoni, d/b/a D'Antoni Motor Lines. When these defendants pleaded that the businesses were incorporated, plaintiff by amended petition joined the two corporations, alleging the solidary liability of all four defendants.
Plaintiff's manager testified that in June, 1971 Jerry and Salvador D'Antoni operated several businesses at 1333 Jefferson Highway, the same address at which plaintiff's refrigeration sales and service business was located; that plaintiff had been doing business with the two brothers for six to eight months prior to this incident; that Jerry D'Antoni operated under the name of Deep South Transport, plaintiff having accounts in the names of both Jerry D'Antoni and Deep South Transport; that on or about June 29, 1971 Jerry D'Antoni arranged for the repairs to the subject trailer; that credit was extended to Jerry D'Antoni personally for these repairs; and that "a long period of time" after the repairs were completed, "Jerry had done some juggling or changing around to what he was doing with this trailer and he told us to bill it (the repairs) to D'Antoni" (D'Antoni Motor Lines, Inc.).
The record contains a work order, dated June 29, 1971, made out in the name of "Deep South Transport". The word "Jerry" was written under Customer Order Number, and the authorization for the repair work was unsigned. Another exhibit is an invoice, dated September 10, 1971, to D'Antoni Truck Lines, Inc., which also has the word "Jerry" written under Customer Order Number and a date reference of June 29, 1971.
Jerry D'Antoni testified that Deep South Transport, Inc. owned the trailer, but in May, 1971 had leased all of its equipment to D'Antoni Motor Lines, Inc., of which he was vice-president; that Deep South Transport, Inc. was no longer doing business in June, 1971; and that D'Antoni Motor Lines, Inc. was responsible for the maintenance of the trailer at the time of *471 the repairs and operated the trailer after the repairs.
When a corporate officer or agent contracts on behalf of the corporation, he has the duty to disclose his representative status and the identity of his principal in order to avoid personal liability under the contract. Jahncke Service, Inc. v. Heaslip, 76 So.2d 463 (La.App.Orl. 1954). However, the mere use of a tradename is not necessarily a sufficient disclosure by the individual that he is in fact contracting on behalf of a corporation so as to protect him against personal liability. The facts and circumstances of each case determine whether or not the individual sufficiently disclosed that he was acting in a representative capacity so as to alert the other contracting party that the contract was with a corporation.
Under the facts in the present case it was reasonable for plaintiff's manager to believe that he was extending credit to Jerry D'Antoni individually. The manager was not notified that a corporation owned the trailer or that another corporation leased it and the other assets. Although the manager knew that the two brothers operated several businesses under tradenames and sometimes requested billings in these names, this knowledge alone was insufficient to put him on notice that he was contracting with a corporation and that he had to secure personal guarantees in order to hold either of the brothers personally liable. Furthermore, we cannot conclude from the evidence that he should have known this when he contracted to repair the trailer. Jerry D'Antoni's request three months later that the repairs be charged to a corporation did not relieve him of the duty of disclosing his representative capacity at the time he contracted for the repairs.
Upon reviewing the record, we are convinced the trial judge properly concluded from the evidence that Jerry D'Antoni personally obligated himself for the cost of the repairs.
The judgment is affirmed.
Affirmed.