SCHOTT, Judge.
Plaintiff appeals from a dismissal of its suit for the cost of merchandise it alleges it sold to an individual defendant using trade names. Defendant prevailed in the trial court on a showing that the merchandise was bought by a corporation of which he was the sole stockholder.
Plaintiff’s suit is on four invoices, two billed on August 4 and August 8, 1972, to Ad-Print Service, and the others billed on August 30, 1972, to Marine Engineering and Construction Co. Plaintiff’s position that these were trade names under which defendant was operating was met with evidence by defendant that on January 1, 1972, he had assigned all of the assets of Ad-Print Services and Marine Engineering and Construction Company, then sole pro-prietorships, to Stylex Offset Printing Corporation which had assumed all of Ad-Print’s and Marine’s liabilities. As a result of these transfers the two companies became divisions of the corporation, all of whose stock was owned by defendant.
Plaintiff’s salesman took the orders for Ad-Print from an employee of the company and significantly wrote two of the three shipping orders on August 2 and August 4, 1972, to “Ad-Print, Inc.” When the same salesman took the orders for Marine Engineering and Construction Company in Au *926 gust from defendant himself he had been given by defendant some brochures which identified the customer as Marine Engineering and Construction Co., Inc. This salesman’s testimony is to the effect that he was not under the impression that he was dealing with defendant as an individual but was aware that corporate enterprises were involved in the transaction.
In the last expression of this Court on the subject, Transport Refrigeration of Louisiana, Inc. v. D’Antoni, 281 So.2d 469 (La.App. 4th Cir. 1973), it was held that when an agent contracts on behalf of a corporation he has the duty to disclose his representative status and the identity of his principal in order to avoid personal liability under the contract, and that the facts and circumstances of each case determine whether or not there was an individual disclosure that the agent was acting in a representative capacity. In that case the Court held that the individual was liable.
The instant case is wholly distinguishable on the facts. The Ad-Print orders were not placed by the individual sought to be sued and it is apparent from the documents prepared by plaintiff that it was under the impression that Ad-Print was a corporation when the orders were taken. As to the orders placed by Marine Engineering, while there is no testimony to the effect that the salesman was told by defendant that he was not personally purchasing the merchandise, the salesman made the connection between Marine Engineering and Ad-Print, which he already believed was a corporation in the first instance. Furthermore, the salesman had before him since the month before the transactions with Marine Engineering, the brochures which showed it to be a separate corporation.
There is no evidence to support the theory that defendant personally obligated himself for the cost of the merchandise and accordingly the judgment is affirmed.
Affirmed.