310 So.2d 173 (1975)
BIO-CHEM MEDICAL LABORATORIES, INC.
v.
Bob HARVEY.
No. 6674.
Court of Appeal of Louisiana, Fourth Circuit.
March 12, 1975.
Rehearing Denied April 15, 1975.
Writ Refused June 20, 1975.
Salomon & Farmer, New Orleans (I. Bernard Salomon and Richard I. Farmer, New Orleans), for plaintiff-appellee.
Bob Harvey, in pro per.
Before LEMMON, SCHOTT and BEER, JJ.
LEMMON, Judge.
Bob Harvey has appealed from a judgment which held him personally liable to Bio-Chem Medical Laboratories, Inc. for charges for laboratory testing services. Harvey contends he contracted for these services in a representative capacity for his employer and is therefore not personally liable.
Prior to June, 1973 Harvey had been employed by Magnolia Health Center as a laboratory technician. On June 11, 1973 he become employed by Claiborne Medical Center as the administrator of that clinic. Bio-Chem's suit sought payment for laboratory testing services allegedly ordered by *174 Harvey while at Magnolia between May 17, 1973 and July 3, 1973, and while at Claiborne between June 14, 1973 and July 20, 1973.
The record, while silent as to how or when Bio-Chem's business relationship with Harvey and/or Magnolia began, established that Harvey joined Claiborne when the clinic opened, recommended that Claiborne use Bio-Chem for testing work, and ordered the services. However, Bio-Chem's bill for services during the time Harvey worked for Claiborne was paid after suit was filed, and the only remaining issue is whether Harvey is personally liable for the services he ordered while employed by Magnolia.
A person contracting for services in a representative capacity must disclose that fact in order to avoid personal liability under the contract. Transport Refrigeration of La., Inc. v. D'Antoni, 281 So.2d 469 La.App. 4th Cir. 1973); Restatement (Second, Agency § 322 (1958). This disclosure, however, is unnecessary if the circumstances surrounding the contract reasonably informed the creditor he was dealing with the person acting in a representative capacity.
In the present case Harvey ordered the testing and failed to disclose he was merely an employee of the contracting party. For all Bio-Chem knew at the time the services were ordered, Harvey could have operated a sole proprietorship under the trade name of Magnolia Health Center. Furthermore, the record does not divulge any circumstances to indicate Bio-Chem would be unreasonable in so believing.
We therefore conclude from the record Harvey was the contracting party and became personally liable for the cost of the services.[1] Perhaps his employer, Magnolia (whether a proprietorship, partnership, corporation or whatever), received the benefits of the services and is also liable for the charges, but this does not affect a creditor's right to recover from the agent of the undisclosed principal.[2]
Finally, Harvey contends he was precluded from offering evidence in support of his alternative defense relative to the quality of the work. Harvey attempted to elicit opinions on this point from a witness whom he did not qualify as an expert. The objection to this evidence was properly sustained.
The judgment is affirmed.
NOTES
[1] When questioned as to whether he agreed shortly before suit to pay both balances in three equal installments of $272.00, Harvey asserted he agreed only "to make arrangements to have that bill paid." Yet, the payment by Claiborne shortly after suit was in the amount of $272.00, although Claiborne's outstanding balance was only $232.00.
[2] The trial court in its judgment reserved Harvey's right to seek indemnity or contribution against third parties.