338 So.2d 328 (1976)
Charles A. CASTILLE, Jr., Plaintiff,
v.
Blair FOLCK d/b/a Quarter Racing Congress Co., Defendant-Third-Party Plaintiff-Appellee,
v.
C. Wade NAVARRE, Third-Party Defendant-Appellant.
No. 5634.
Court of Appeal of Louisiana, Third Circuit.
September 22, 1976.
Rehearing Denied November 4, 1976.
*330 Ware & Bertrand by Ronald J. Bertrand, Rayne, for third-party defendant-appellant.
Marshall J. Stockstill, Jumonville, Hartley, Plauche & Broadhurst by Oscar E. Reed, Jr., Lafayette, for plaintiff-appellee.
Before CULPEPPER, DOMENGEAUX and GUIDRY, JJ.
GUIDRY, Judge.
Plaintiff, Charles A. Castille, Jr., filed suit seeking rescission of a contract of sale of a broodmare named "Flying Cobre" purchased by him at an auction sale conducted by Blair Folck d/b/a Quarter Racing Congress Company (hereinafter referred to as Folck) in the City of Lafayette, Louisiana, on August 18, 1973. Castille alleged his entitlement to a rescission of the sale and a return of the price paid because of error of fact as to a principal motive brought about by certain misrepresentations made by defendant and/or his employees prior to and at the time of sale. In the alternative, plaintiff asked that the sale be rescinded for redhibition. Plaintiff in addition to seeking a rescission of sale and restoration of the purchase price, i. e., $4000.00, alleged his entitlement to certain itemized damages.
Defendant, Folck, filed answer admitting that he conducted a broodmare sale as alleged and that plaintiff tendered payment to him in the amount of $4000.00 in connection with his purchase of "Flying Cobre". Defendant further alleged, however, that in conducting said sale he did so only as agent for the owners of the horses consigned to said sale and that the owner/consignor of "Flying Cobre", i. e., C. Wade Navarre, was the proper party against whom redress should be sought. Together with the filing of his answer Folck deposited the sum of $4000.00 in the registry of court to be disbursed pursuant to a final decision rendered in this proceeding. Finally, in his answer, Folck assumed the role of third party plaintiff and sought judgment over against the consignor of "Flying Cobre", Mr. C. Wade Navarre, for all damages which might be incurred by third party plaintiff as a result of the principal demand of plaintiff. C. Wade Navarre filed answer generally denying the allegations of the third party petition. Plaintiff, Charles A. Castille, Jr., did not join C. Wade Navarre as a principal defendant.
The trial court determined that a principal-agent relationship existed between Folck and Navarre; that Folck, who conducted the sale of "Flying Cobre", as agent of Navarre, knowingly misrepresented prior to and at the time of sale that the named broodmare had been "Coggins Tested" and that a Coggins certificate would be furnished *331 to the purchaser;[1] that in fact the said mare had not been so tested and plaintiff has never been furnished with a Coggins certificate; that such misrepresentation concerned a principal cause of the agreement; and, that plaintiff's consent to the contract of sale was vitiated by error of fact. R.C.C. Articles 1819, 1820, and 1846. Having so found the trial court ordered the sale rescinded and the purchase price deposited in the registry of court returned to plaintiff. The trial judge further determined that plaintiff was entitled to damages and fixed the amount thereof at the sum of $3726.00. Finally, the trial court granted judgment over in favor of third party plaintiff and against the third party defendant, C. Wade Navarre, assigning as his reasons therefor the following:
"Considering the third party demand by Mr. Folck against Mr. Navarre, I feel that the latter is liable.
As above stated, a principal-agent relationship existed between Mr. Navarre and Mr. Folck, or his company. Under such a working relationship, the law states that the principal, in this case Mr. Navarre, will be responsible for all actions of the agent which were approved by the principal. LSA-C.C. Art. 3021. Such was certainly the case here. Mr. Navarre continuously represented to Mr. Folck that the horse had been Coggins tested and he continued to represent this even after the sale was completed. By his own testimony, he was present at the auction and heard the auctioneer repeatedly state that all of the horses had been Coggins tested. He, no doubt, approved of this representation for he made no outward attempt to halt it, nor any attempt to inform anyone of any misrepresentation. Even if there had been no previous misrepresentation by Mr. Navarre and he was never requested to have the horse Coggins tested, his acquiescence in the representations made by the auctioneer was an adoption or a ratification of the agent's action. LSA-C.C. Art. 3010; Ledoux vs. Old Republic Life Insurance Company, 233 So.2d 731 ([La. App.] 1970), writs refused; Gill Truck & Trail. Rent., Inc. vs. Hunter Truck L., Inc., 283 So.2d 509 ([La.App.] 1973)."
Following rendition of judgment C. Wade Navarre, third party defendant, perfected this suspensive appeal from the judgment against him. Plaintiff and defendant did not appeal. Third party plaintiff did not answer the appeal of third party defendant.
At the outset we observe that, since neither plaintiff nor defendant has appealed, the judgment of the trial court rescinding the sale, ordering a return of the purchase price to plaintiff and casting defendant Folck in damages is now final. The only issue for determination by this court is the correctness of that portion of the trial court judgment which awards third party plaintiff, Folck, judgment over against third party defendant, Navarre. Although, as aforestated, the trial court judgment as between Castille and Folck is final we find it necessary to inquire into the correctness of that judgment as such bears upon the correctness of the award against third party defendant from which the latter has appealed suspensively.
Although our review of the record convinces us as to the correctness of the trial court's factual findings that:
(1) A principal-agent relationship existed between Folck and Navarre whereby the former was authorized to sell the broodmare "Flying Cobre" for account of the latter.
(2) Prior to and up until the time of sale Navarre assured Folck that the broodmare "Flying Cobre" had been Coggins tested and that a Coggins certificate would be furnished to the purchaser.
(3) Prior to and at the time of sale Folck was well aware that a Coggins certificate had not been furnished for delivery to the *332 purchaser of this broodmare, although admittedly it was Folck's obligation to have all necessary documents, including a Coggins certificate, in hand before commencement of the sale.
(4) In spite of the knowledge possessed as set forth above (item 3) Folck and his employees, including the auctioneers, repeatedly misrepresented to the proposed buyers, including Castille, that all horses had been Coggins tested and that a Coggins certificate would be furnished upon completion of the sale.
(5) The broodmare "Flying Cobre" was not Coggins tested prior to the sale of August 18, 1973 and the buyer, Charles Castille, Jr., has never been furnished with a Coggins certificate.
(6) The misrepresentation as to the availability of a Coggins certificate on the broodmare "Flying Cobre" induced plaintiff, Castille, to consent to the contract of sale under an error of fact which bore upon a principal cause of the agreement.
(7) Plaintiff, Castille, suffered damages as a result of the misrepresentations of Folck and Navarre.
we conclude that the trial court erroneously ordered a rescission of the contract of sale. We know of no authority, and we have not been referred to any, which would authorize a suit for rescission of sale being brought against the agent of the seller. A suit for rescission of sale, be it for error of fact or redhibition, must be brought against the seller. As set forth in 3 C.J.S. Agency § 476, p. 358:
"An undisclosed principal is not a necessary party defendant to a suit by the purchaser against the agent to rescind a contract of sale of personal property. . . ."
It must be remembered that in the instant case the purchaser, Castille, was at all times aware that the broodmare "Flying Cobre" was owned by C. Wade Navarre and that Folck was acting only as agent for Navarre.
Although the facts alleged in plaintiff's petition and the evidence adduced in support thereof do, in our opinion, warrant a rescission of sale for error of fact under R.C.C. Article 1846 and a demand for damages under R.C.C. Article 1934, such relief under the circumstances of this case, could not be granted in a suit brought against anyone other than the vendor. In the instant case Blair Folck was not the owner nor the vendor of the broodmare "Flying Cobre", rather he was merely acting as agent of the seller. The record clearly reflects that C. Wade Navarre was the owner of "Flying Cobre" and the purchaser was aware of that fact. Any suit seeking a rescission of the sale of August 18, 1973, should have been instituted and prosecuted against Navarre. Since we determine that the trial court erroneously ordered a rescission of the sale it must necessarily follow that the damage award for breach of contract under R.C.C. Article 1934 is likewise erroneous.
Although we conclude that plaintiff, in effect, has no cause of action against Folck for breach of contract and damages or rescission for redhibition, and that for the same reason, the latter has no cause of action over against Navarre for the damages awarded to plaintiff for breach of contract, we determine that the allegations of plaintiff's petition, the allegations of third party plaintiff's petition, and the evidence adduced thereunder, support a cause of action ex delicto based upon damages sustained as a result of false representations made by Folck and Navarre.
LSA-C.C.P. Article 2164 allows an appellate court to disregard the so called, "theory of the case" doctrine and permits a judgment which is just, legal, and proper upon the record on appeal. Jackson v. Zito, 314 So.2d 401 (La.App.1st Cir. 1975, writ refused as the judgment was not final La., 320 So.2d 551, 553); Dean v. Hercules, Incorporated, 314 So.2d 430 (La.App.1st Cir. 1975, writ granted La., 318 So.2d 55, reversed on other grounds La., 328 So.2d 69).
Plaintiff alleges in his petition that because of Folck's fraud and misrepresentations he was damaged. Folck, as third party plaintiff, alleges that Navarre agreed to make true representations respecting each animal consigned by him to the sale of *333 August 18, 1973 and that failing to do so he is liable for all damages incurred by third party plaintiff. Under the facts found by the trial court which we have previously summarized and in which we concur there is no question but that plaintiff suffered damages as a direct result of the false representations made by Folck and Navarre. Folck must be held to compensate plaintiff for the damage caused by his deliberate misrepresentations. R.C.C. Article 2315; Ingram v. Canal Bank & Trust Co. et al., 13 La.App. 651, 127 So. 462 (La.App. Orleans 1930).
We recognize that generally speaking an agent is not responsible to third persons where his principal is disclosed, however, the agent may make himself personally liable if he expressly or impliedly pledges his own responsibility. In this connection the trial judge found that although a principal-agent relationship existed between Navarre and Folck, that the latter was personally liable. In reaching this conclusion the trial judge stated:
"In addition, there is personal liability for these reasons.
It is important to note at this time that a principal-agent relationship admittedly existed between Mr. Navarre and Mr. Folck, the latter acting as agent, but not the traditional principal-agent relationship. Under the usual circumstances, the principal declares to the agent what duties he has and what representation to make. In the present situation, the agent is the party who "makes the rules of the game". It is the agent who, in effect, says to the principal, "I will sell your horses for you if you meet the standard and representations I make to prospective purchasers." There can be little doubt that under these circumstances, Mr. Folck obligated himself to make sure all horses met the requirements as advertised. I think that in the mind of a prospective purchaser, Mr. Folck and his company had assumed this responsibility."
We believe this conclusion by the trial court to be eminently correct.
Third party plaintiff seeks full indemnity from third party defendant for all damages incurred as a result of the principal demand made by plaintiff.
It is generally held that a principal is under a duty to reimburse his agent for payment of damages which the agent is required to make to third persons on account of the authorized performance of an act which constitutes a tort or breach of contract. 3 C.J.S. Agency § 320; Flower v. Jones, 7 Mart. (N.S.) 140. As set forth in 3 C.J.S. Agency § 320, p. 119:
"The general rule is that, where one is employed or directed by another to do an act in his behalf, not manifestly wrong, the law implies a promise of indemnity by the principal for damages resulting from or expenditures incurred as a proximate consequence of the good faith execution of the agency . . . ."
See also Hansman v. Uddo & Taormina Company, 76 So.2d 753 (La.App.Orleans 1955).
The trial court found, and we believe correctly so, that although Mr. Folck did misrepresent to prospective purchasers before and at the time of sale that the broodmare "Flying Cobre" had been Coggins tested, he did so based upon assurances to that effect from his principal. As stated by the trial judge in his written reasons for judgment:
"Mr. Navarre continuously represented to Mr. Folck that the horse had been Coggins tested and he continued to represent this even after the sale was completed. By his own testimony, he was present at the auction and heard the auctioneer repeatedly state that all of the horses had been Coggins tested. He, no doubt, approved of this representation for he made no outward attempt to halt it, nor any attempt to inform anyone of any misrepresentation.. . ."
Under the circumstances of this case we conclude that third party defendant, Navarre, is obligated to reimburse his agent, Folck, for the amount of damages finally determined to have been incurred by plaintiff.
*334 Third party defendant finally argues that the award of damages by the trial court is excessive. We believe this contention to be without merit.
The trial judge found that plaintiff was entitled to recover the following amounts as damages: $20.00 transportation cost; $18.00 for Veterinarian expense; and $6.00 per day board expense of "Flying Cobre" for 621 days or $3,726.00. The evidence offered by plaintiff in support of these items of damages is uncontradicted.
It is well settled that appellate review of an award of damages is restricted to a determination of whether the broad discretion, in such matters, allowed the trier of fact has been abused. Spillers v. Montgomery Ward & Co., Inc., 294 So.2d 803 (La.1974); Revon v. American Guarantee & Liability Insurance Company, 296 So.2d 257 (La.1974). In this case we find no abuse of the broad discretion allowed the trier of fact.
For the reasons assigned the judgment of the trial court is affirmed. All costs of this appeal are assessed to appellant.
JUDGMENT AFFIRMED.
NOTES
[1] The "Coggins Test" is a laboratory test which determines whether a horse suffers from the disease known as "Equine Infectious Anemia", commonly referred to as "Swamp Fever". A "Coggins Certificate" is simply the document furnished by the laboratory confirming that the Coggins test showed a negative result.