SCHOTT, Judge.
Defendant has appealed from a judgment in the amount of $500.00 for demurrage in connection with the loading of a railroad car by defendant.
The facts are undisputed. International Harvester Company contracted with Missouri-Pacific Railroad to ship tractors to International’s outlet in Utah. International Harvester contracted with defendant to load the tractors on a boxcar of Missouri-Pacific Railroad Company at a designated location in New Orleans. Missouri-Pacific contracted with plaintiff to place the car in the designated location and to deliver it after loading to Missouri-Pacific. In connection with the transaction, Missouri-Pacific prepared its freight waybill and delivered it to plaintiff. On the face of the waybill in a box calling for the full name of the shipper there appeared “Bob, Inc. SEND F/B to International Harvester Co., 2855 Cypress St., Oakland, Calif.” In a box calling for the name of the consignee appeared International Harvester’s Utah outlet.
The parties stipulated that the applicable tariff as amended and modified by the I.C.C. provide that demurrage charges may be collected from the consignor or the consignee.
It follows from the aforesaid recitation of the facts that this defendant was neither the consignor nor the consignee of the tractors and the plaintiff is not entitled to collect the demurrage from defendant pursuant to the tariff. However, plaintiff contends that it is entitled to collect the demurrage from defendant because the freight waybill reflected that defendant was the shipper and that it must rely on that freight waybill. It argues that it “should not be held responsible for an error a shipper may make in failing to see that the bill of lading is correctly filled out or an error that an originating carrier may make in completing the freight waybill.” Preter-mitting whether this equitable argument has any applicability in a case where plaintiff’s cause of action rests wholly on a specific tariff which does not extend liability to anyone other than the consignor or the consignee, we fail to see how equitable principles would justify a judgment against defendant since it did not prepare either the waybill or the bill of lading. Plaintiff’s claim in equity should be directed against either Missouri-Pacific Railroad Company or International Harvester Company who prepared these documents respectively.
Plaintiff further contends that it is entitled to collect on the theory that defendant was an agent acting for an undisclosed principal. Plaintiff cites in support of its position Bio-Chem Medical Laboratories, Inc. v. Harvey, 310 So.2d 173 (La.App. 4th Cir. 1975) and Transport Refrigeration of La., Inc. v. D’Antoni, 281 So.2d 469 (La. App. 4th Cir. 1973); but these cases are inapposite. The principle contained in those cases applies to instances where there is a contract made between the agent and the other party. There is nothing in this record to show that there was a contract between plaintiff and defendant. Plaintiff’s contractual dealings were with Mis *1301 souri-Pacific Railroad. Defendant’s contractual dealings were with International Harvester Company. There was also a contract between International Harvester and Missouri-Pacific Railroad. The fact that International Harvester erroneously put defendant’s name on the bill of lading as the shipper, or that Missouri-Pacific Railroad Company erroneously put defendant’s name on the freight waybill as the shipper, hardly provides a basis for a contract between defendant and plaintiff.
In argument, plaintiff’s counsel has also suggested that defendant’s use of the waybill on which its name appeared in the box calling for the name of the shipper created some kind of an estoppel in plaintiff’s favor. The record does not contain any evidence to show that plaintiff relied to its detriment on any act or omission by defendant in this connection so that plaintiff failed to prove its case under this theory.
Accordingly, the judgment appealed from is reversed, and there is judgment in favor of defendant, Rapid Truck Leasing, Inc., formerly Bob, Inc., and against City of New Orleans by and through The Public Belt Railroad Commission of the City of New Orleans, dismissing plaintiff’s suit.
REVERSED AND RENDERED.