CULPEPPER, Judge.
The plaintiff, J. R. West, seeks to rescind the sale of a 1954 Chevrolet truck with a fuel tank mounted thereon, and to obtain judgment for damages in the sum of $70,-000 and attorneys’ fees in the sum of $8,000. The defendant, Charles Klumpp, was the auctioneer at the sale to plaintiff. The basis of plaintiff’s suit is that after he purchased the truck he could not obtain a certificate of title, and therefore could not use it for the purpose for which he bought it, i.e., to mount welding equipment on it and drive it on the highway. After a trial on the merits, the district judge held the truck was sold without warranty of title or fitness for use, it being being an old truck of little value except for the fuel tank. From a judgment dismissing his suit, plaintiff appeals. We affirm.
The issues are: (1) Was the defendant auctioneer acting as an agent for a disclosed principal, the owner of the truck, thus barring a redhibitory action against the auctioneer? (2) Did the defendant auctioneer misrepresent to the plaintiff that he would receive a certificate of title, thereby subjecting the auctioneer to a tort action?
The facts are that the plaintiff, who lives near Ville Platte, read a “flyer” advertising an auction sale of all farm equipment and machinery owned by Mr. Percy Monceaux to be held at his farm near Oberlin and conducted by defendant Klumpp as auctioneer. Plaintiff freely admitted he learned of the sale by reading the flyer, that he knew Mr. Klumpp was acting as auctioneer, and that the farm equipment being sold was owned by Mr. Monceaux.
Plaintiff attended the auction and became interested in the 1954 Chevrolet 1-ton *127 truck, on which was mounted a diesel fuel tank. He is a riverboat captain, but he wanted the truck for his son-in-law, who is a welder. He testified his plan was to buy the truck and mount welding equipment on it for operation by his son-in-law, and that they planned to split the profits of the welding operation. Plaintiff testified that before the sale he started the truck and it ran good. He examined it but did not notice that it had no license plate or current inspection sticker.
Mr. Klumpp testified that during the auction when he came to the truck in question he had just sold two big trucks for $11,000, and he made a joke of selling the 1954 Chevrolet truck, because he thought it was practically worthless except for the diesel tank mounted on it. He testified he announced: “Take it like you take your wife (as is). I’ll sell you the tank and give you the truck.”
Plaintiff and a Mr. Landreneaux bid on the truck, the last bid in the sum of $375 being by Landreneaux. However, after the sale plaintiff went to Landreneaux and offered him $25 for the receipt. Landre-neaux agreed, so plaintiff paid him $25 and took the receipt and paid Klumpp $375 for the truck.
About a month after the sale, plaintiff went to Klumpp’s office and asked for the certificate of title to the truck. Klumpp called Monceaux and learned the truck had no title. Monceaux testified he acquired the truck as a gift from his brother in Texas who had junked it. He brought the truck to Louisiana and used it to haul fuel to his tractors on the farm. The truck was never used on the highways, so he had no title.
About 18 months after the sale, plaintiff filed the present suit against the auctioneer to rescind the sale because he was unable to obtain a certificate of title.
The first issue is whether the defendant auctioneer was acting as the agent of a disclosed principal. Although plaintiff alleged in his supplemental petition that the defendant was acting for an undisclosed owner, the evidence shows clearly, as outlined above, that plaintiff knew from the flyer he read that Klumpp was acting as auctioneer for Monceaux who was the owner of the equipment being sold. This being true, plaintiff cannot sue the auctioneer to rescind the sale. The redhibitory action would have to be brought against the owner, Monceaux. In Castille v. Folck, 338 So.2d 328 (La.App. 3rd Cir. 1976), which involved the auction sale of a brood mare, we stated the law:
“We know of no authority, and we have not been referred to any, which would authorize a suit for rescission of sale being brought against the agent of the seller. A suit for rescission of sale, be it for error of fact or redhibition, must be brought against the seller. As set forth in 3 C.J.S. Agency § 476, p. 358:
“An undisclosed principal is not a necessary party defendant to a suit by the purchaser against the agent to rescind a contract of sale of personal property

It must be remembered that in the instant case the purchaser, Castille, was at all times aware that the broodmare “Flying Cobre” was owned by C. Wade Navarre and that Folck was acting only as agent for Navarre.13
Since plaintiff cannot bring a redhi-bitory action against the defendant auctioneer for a disclosed owner, the remaining question is whether plaintiff can recover in tort against the auctioneer for misrepresenting that plaintiff would receive a certificate of title to the truck. Again, we quote from Castille v. Folck, supra, where the plaintiff sought to recover damages in tort against the auctioneer of a brood mare for false misrepresentations that the horse had been Coggins tested, and that a Coggins certificate would be furnished to the purchaser so that he could use the horse as a brood mare. In Castille we stated:
“Folck must be held to compensate plaintiff for the damage caused by his deliberate misrepresentations. R.C.C. Article 2315; Ingram v. Canal Bank & Trust Co. et al., 13 La.App. 651, 127 So. 462 (La.App. — Orleans 1930).
*128 We recognize that generally speaking an agent is not responsible to third persons where his principal is disclosed, however, the agent may make himself personally liable if he expressly or impliedly pledges his own responsibility.”
Plaintiff testified that at the auction Klumpp did not state whether there was a title to the truck. Plaintiff assumed he would receive a title, and that he and his son-in-law could use the truck on the highway.
The defendant testified that before the sale he did not know whether there was a title to the truck and made no mention of title. Klumpp considered the truck to be of so little value that it was not important. He thought the only value was in the diesel fuel tank.
The trial judge accepted Klumpp’s version of the sale and held as a fact that the truck was sold without warranty of title, and that there were no misrepresentations by Klumpp which constituted actionable negligence. We have carefully reviewed the record and conclude the trial judge was not clearly wrong in these findings of fact.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the plaintiff-appellant.
AFFIRMED.