WILLIAMS, Judge.
This is an appeal from a judgment of the trial court finding defendant Duke Advertising Agency, Inc. [“Duke”] liable to plaintiff H.U. Young, Inc. [“Young”] for $8,336.72 for breach of contract and on open account as well as interest, costs, and $1,000.00 in attorney’s fees.
Duke is an advertising agency which represented Fermin-Smith Services, a corporate client. Duke asserted that it was on behalf of its principal, Fermin-Smith, that it contracted with plaintiff for printing. Furthermore, Duke argues that plaintiff was aware that it [Duke] was acting as an agent, and plaintiff, therefore, cannot recover any debts incurred on the principal’s behalf.
Duke placed an order totalling $16,336.72 for printing with plaintiff, a printing broker. Lana Duke, defendant’s president, testified at trial that Duke acted as Fermin-Smith’s agent. Lana Duke was also vice-president of the Louisiana Association of Advertising Agents and stated that it was customary in the industry that advertising agencies such as Duke acted solely in the capacity of agents. Furthermore, Lana Duke testified that at no time did Duke agree that it would be responsible for any expenses incurred on Fermin-Smith’s behalf. When Duke placed the order with plaintiff, the purchase order it used stated *1004 that the items were to be shipped to Fer-min-Smith after the proofs had been approved, and that the client’s [Fermin-Smith’s] approval was necessary. H.U. Young, plaintiff’s president, personally visited Mr. Smith of Fermin-Smith in an attempt to collect the funds owing. Fermin-Smith gave defendant $8,000.00 on account which was paid to plaintiff.
In Louisiana, a disclosed agent is not liable to third parties for debts it has incurred on behalf of its principal. La. Civ.C. art. 3013; Roll-Up Shutters, Inc. v. South Central Bell Telephone Co., 394 So.2d 796, 799 (La.App. 4th Cir.1981). The issue before us, therefore, is whether defendant was acting as a disclosed agent for Fermin-Smith. We find that it was.
Agency may be express or implied and need not be placed in writing, unless it relates to buying or selling real property. La.Civ.C. art. 2997; Ward v. Pennington, 434 So.2d 1131, 1137 (La.App. 1st Cir.1983). The evidence presented at trial clearly shows that defendant was Fermin-Smith’s agent, and plaintiff knew or should have known of the nature of the relationship. Defendant placed the order on Fermin-Smith’s behalf and required Fermin-Smith’s approval of the proofs before the work was to be completed. Furthermore, uncontra-dicted evidence indicated that advertising agencies customarily acted on behalf of their clients, enjoying a principal agent relationship. In J.T. Doiron, Inc. v. Lundin, 385 So.2d 450 (La.App. 1st Cir.1980), the court held that:
“Express notice of the agent’s status and the principal’s identity is unnecessary if facts and circumstances surrounding the transaction, combined with the general knowledge that persons in that type of business are usually acting as agents, demonstrate affirmatively that the third person should be charged with notice of the relationship.”
Id. at 453 (citations omitted). See also Bio-Chem Medical Laboratories, Inc. v. Harvey, 310 So.2d 173 (La.App. 4th Cir. 1975).
In this case, we must conclude, based on the uncontradicted evidence presented at trial of Duke’s status and industry custom that defendant was acting as an agent, and therefore, not liable to plaintiff. We note that the trial court appeared to make no determination of this issue.
Plaintiff also argues that defendant acted in such a manner as to assume responsibility for the debt. In Castille v. Folck, 338 So.2d 328 (La.App. 3d Cir.1976), the court held:
“We recognize that generally speaking an agent is not responsible to third persons where his principal is disclosed, however, the agent may make himself personally liable if he expressly or impliedly pledges his own responsibility.”
Id. at 333.
In this case, there is no evidence that defendant had made any guaranties or promises, in writing or oral, to plaintiff. Although $422.04 was paid directly to plaintiff by defendant, the record indicates that the payment was not authorized and was done by defendant’s comptroller out of sympathy for plaintiff’s president.
Because we find defendant to have been a disclosed principal for Fermin-Smith, it should not have been held liable for the debt it contracted with plaintiff on the principal’s behalf.
For the foregoing reasons, the decision of the trial court is REVERSED, all costs to appellee.
REVERSED.