## STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 21-108


**KENNETH BOURQUE**

**VERSUS**

**BUTCH BERGERON**


**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-20165619
HONORABLE DAVID M. SMITH, DISTRICT JUDGE

**********

**D. KENT SAVOIE**
**JUDGE**

**********

Court composed of Billy Howard Ezell, D. Kent Savoie, and J. Larry Vidrine*, Judges.


**REVERSED AND REMANDED.**


_____


*Honorable J. Larry Vidrine participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.

**Russell Bryant Kahn**
**D. Reardon Stanford**
**Hoyt & Stanford**
**315 S. College Road, #165**
**Lafayette, LA 70503**
**(337) 234-1012**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
**Kenneth Bourque**


**James P. Doherty, III**
**Becker & Hebert, LLC**
**201 Rue Beauregard**
**Lafayette, LA 70508**
**(337) 233-1987**
**COUNSEL FOR DEFENDANT/APPELLEE:**
**Butch Bergeron**
**Bergeron Metal Buildings, L.L.C.**

**SAVOIE, Judge.**

Plaintiff, Kenneth Bourque, appeals the trial court's summary judgment dismissal of his breach of contract claims against Butch Bergeron. For the following reasons, we reverse the ruling of the trial court and remand the matter for further proceedings.

## FACTUAL AND PROCEDURAL BACKGROUND

On October 21, 2016, Bourque filed a Petition for Breach of Contract naming Butch Bergeron as the defendant and seeking damages against him. Therein, he alleged that Bergeron was doing business individually as "Bergeron's Metal Builders," and that he contracted with Bergeron to build various metal buildings and concrete slabs. According to Bourque's petition, the slabs did not "conform with the representations as to the quality of the workmanship made by the contractor," and, as a result of defective workmanship, Bourque had to expend funds to remediate damages caused by Bergeron.

On July 10, 2020, Bergeron filed a Motion for Summary Judgment seeking the dismissal of Bourque's claims against him individually. According to Bergeron, he was acting with Bourque in his capacity as the manager and sole member of "Bergeron's Metal Buildings, LLC," a Louisiana limited liability company, and therefore Bourque has no right of action or cause of action against him individually in accordance with La.R.S. 12:320.

In support of his Motion for Summary Judgment, Bergeron submitted copies of three proposals dated December 6, 2011. The proposals contain a typewritten letterhead with a prominent logo stating "Bergeron's Metal Builders" at the top in the center of the page, as well as Butch Bergeron's typewritten name and address in smaller font to the left side of the page. The proposals reflect they were submitted

to Kenneth Bourque. They further contain Butch Bergeron's signature next to the line "Respectfully submitted by," as well as the signature of Gloria Bourque, indicating the acceptance of the proposal.

Bergeron also submitted copies of invoices dated January 31, 2012, and February 31, 2012, as well as two invoices dated March 21, 2012. The invoices are printed on the same letterhead as the proposals, which contain the logo for "Bergeron's Metal Builders" in a typewritten heading in the center, along with Butch Bergeron's name and address in smaller font to the left. They are addressed to Kenneth Bourque, and further contain the signature of Gloria Bourque as the buyer.

In addition, Bergeron also submitted his deposition testimony wherein he stated that he has done business through Bergeron's Metal Builders, LLC since 2004, and that the logo used on the proposals and invoices submitted to Bourque contained a typographical error in that they state "Metal Builders" instead of "Metal Buildings." Bergeron also submitted information on file with the Louisiana Secretary of State indicating that Bergeron's Metal Buildings, LLC ("the LLC") is in good standing, has existed since August 2, 2004, and that Percy Paul Bergeron, Jr. is the registered agent and sole member of the LLC.

Bergeron also submitted his own affidavit stating that his full name is Percy Paul Bergeron, Jr., he is the registered agent and sole member of the LLC, he is in the business of erecting metal buildings and has been since August 2, 2004, through the LLC, his contractor license is in the name of the LLC, checks received from the Bourques for payment of work were made payable to "Bergerons Metal Building" and "Bergeron's", and the Bourques' checks were deposited into a financial account in the name of the LLC. Bergeron also submitted with his affidavit, a copy of the LLC's contractor license, copies of the Bourques' checks, and copies of bank

statements from a financial account in the name of "Bergerons Metal Buildings, LLC" reflecting the deposit of the Bourques' checks.

Thereafter, Bourque sought and was granted leave to file a First Amended Petition for Breach of Contract, wherein he added Bergeron Metal Buildings, LLC as an additional defendant. He further alleged that he contracted with Bergeron individually and that Bergeron performed the work individually, but alternatively sought relief against the LLC as well.

On August 31, 2020, Bourque filed an opposition to Bergeron's motion for summary judgment. He argued that summary judgment dismissal of his claims against Bergeron individually was not appropriate because factual issues exist as to whether he contracted with Bergeron individually or with the LLC, and whether Bergeron, if acting as an agent for the LLC, failed to properly disclose his agency relationship.

In support thereof, Bourque submitted his own affidavit stating that he contacted Bergeron in 2012 to undertake construction work; he and his wife discussed with Bergeron the scope of the work needed and that Bergeron agreed to do the work; Bergeron provided three proposals, and the proposals stated Bergeron's name as well as "Bergeron's Metal Buildings," "which appeared to be Bergeron 'doing business as'"; Bergeron did not indicate his business was an LLC, or discuss the existence of an LLC; Bourque spoke with and hired Bergeron to do the work, and he did not, to his knowledge, enter into a contract with the LLC; no one represented to him that they were acting on behalf of the LLC; the work was performed by Bergeron "and his crew;" and Bergeron submitted invoices that did not reference an LLC.

3

Bourque also submitted the affidavit of his wife, Gloria Bourque, in support of his opposition.  Therein, she stated that her husband "primarily handled the discussions with the construction[,]" but that Bergeron prepared proposals that she signed to indicate receipt thereof. Mrs. Bourque also stated that, when she spoke with Bergeron, he never did anything to suggest that his business was an LLC, or that Bergeron's Metal Buildings, LLC existed.  She further indicated that, to her knowledge, her husband had hired Butch Bergeron to do the work.

On September 14, 2020, the trial court heard Bergeron's motion and ultimately rendered a summary judgment in his favor dismissing "the claims of Kenneth Bourque against Butch Bergeron, individually and/or doing business as Bergeron's Metal Builders[.]"  The judgment further stated that Bourque's "claims against Bergeron's Metal Buildings, LLC are not dismissed and remain viable."

Bourque appeals and asserts the following as assignments of error:

1. The [t]rial [c]ourt below committed reversible error in granting summary judgment in favor of Defendant, Percy Paul "Butch" Bergeron, Jr., and dismissing Plaintiff-Appellant's claims against him, at Plaintiff-Appellant's costs.

2. The [t]rial [c]ourt below committed reversible error in finding that there was no genuine issue as to material fact whether Percy Paul "Butch" Bergeron, Jr. was individually liable.

## STANDARD OF REVIEW

As recognized in *Samaha v. Rau,* 07-1726, pp. 3-4 (La. 2/26/08), 977 So.2d 880, 882-83 (footnote omitted),

> A motion for summary judgment is a procedural device used when there is no genuine issue of material fact for all or part of the relief prayed for by a litigant. *Duncan v. U.S.A.A. Ins. Co.*, 2006-363 p. 3 (La. 11/29/06), 950 So.2d 544, 546, see La. C.C.P. art. 966.  A summary judgment is reviewed on appeal de novo, with the appellate court using the same criteria that govern the trial court's determination of whether summary judgment is appropriate; i.e. whether there is any genuine issue of material fact, and whether the movant is entitled to judgment

4

as a matter of law. *Wright v. Louisiana Power & Light*, 2006-1181 p. 17 (La. 3/9/07), 951 So.2d 1058, 1070; *King v. Parish National Bank*, 2004-0337 p. 7 (La. 10/19/04), 885 So.2d 540, 545; *Jones v. Estate of Santiago*, 2003-1424 p. 5 (La. 4/14/04), 870 So.2d 1002, 1006.

"[A] motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(A)(3).

> The burden of proof rests with the mover. Nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law.

La.Code Civ.P. art. 966(D)(1).

## ANALYSIS

The trial court concluded that the evidence submitted in connection with Bergeron's motion for summary judgment established that Bourque was "dealing with a company or an entity, not being Butch Bergeron[, individually,]" and it dismissed Bourque's claims against Bergeron in accordance with La.R.S. 12:1320, which states:

> A. The liability of members, managers, employees, or agents, as such, of a limited liability company organized and existing under this Chapter shall at all times be determined solely and exclusively by the provisions of this Chapter.
>
> B. Except as otherwise specifically set forth in this Chapter, no member, manager, employee, or agent of a limited liability company is liable in such capacity for a debt, obligation, or liability of the limited liability company.

5

C. A member, manager, employee, or agent of a limited liability company is not a proper party to a proceeding by or against a limited liability company, except when the object is to enforce such a person's rights against or liability to the limited liability company.

D. Nothing in this Chapter shall be construed as being in derogation of any rights which any person may by law have against a member, manager, employee, or agent of a limited liability company because of any fraud practiced upon him, because of any breach of professional duty or other negligent or wrongful act by such person, or in derogation of any right which the limited liability company may have against any such person because of any fraud practiced upon it by him.

Louisiana Revised Statutes 12:1320 "describes limited liability as a general rule for members of an LLC." *Ogea v. Merritt,* 13-1085, p. 9, (La. 12/10/13), 130 So.3d 888, 896. This general rule "effectively operates as a presumption that the members [of an LLC] are not personally responsible for the liabilities of the LLC beyond the member's capital contributions to the LLC." *Id.* at 907.

While Bourque does not dispute on appeal that individual members of an LLC are generally not personally liable for the debts of an LLC, he argues that the evidence submitted in connection with Bergeron's Motion for Summary Judgment, at minimum, creates material factual issues as to whether Bergeron contracted with Bourque in his individual capacity, rather than as a representative of an LLC, and/or whether Bergeron sufficiently disclosed his representative status. Therefore, according to Bourque, the limited liability generally afforded to individual members of an LLC is not applicable here, and summary judgment dismissal of his claims against Bergeron individually was in error.

Bourque notes the *Ogea* court's recognition that "a member [of an LLC] can be liable for 'a breach of contract undertaken in his own right.' *Ogea,* 130 So.3d at 904 (internal citations omitted). He further cites the following language from *Ogea, Id.* at 905:

"[I]n a small business setting . . . it is fairly common for shareholders to act in representative capacities on behalf of their closely-held corporations (as officers, agents or employees) without formally disclosing to the third party that is this capacity in which they are acting." MORRIS & HOLMES, *supra*, § 33.04. Consequently, the individual is considered "an undisclosed agent personally liable for the contracts that he negotiates on his principal's behalf." *Id.*; *see also Id.*, § 44.06 (reasoning the same rule should apply to members of an LLC). While this situation directly implicates contract law, it is nevertheless an example of acting "outside" the structure of an LLC.

As the court stated in *George v. White,* 12-101, pp. 12-13 (La.App. 5 Cir. 10/30/12), 101 So.3d 1036, 1043-44, when considering whether an individual member of an LLC could be personally liable for losses sustained by the plaintiff:

> Generally, an agent is held to have bound himself personally when he enters into an agreement without disclosing the identity of his principal. *Frank's Door & Bldg. Supply, Inc. v. Double H. Constr. Co.*, Inc., 459 So.2d 1273, 1275 (La.App. 1 Cir.1984). As the First Circuit explained in *J.T. Doiron, Inc. v. Lundin*, 385 So.2d 450, 452-3 (La.App. 1 Cir.1980):

> > The general rule . . . places an affirmative duty on the agent to tell those with whom he is dealing that he is an agent acting for a certain principal. Absent disclosure of a special status, the law presumes that a person is acting in his individual capacity and holds him personally liable for his actions. The person who claims he is acting as an agent bears the burden of proof at trial to show this special status.

> > What constitutes disclosure sufficient to put a third party on notice of a principal/agent relationship has been the turning point of some cases. (citations omitted). Certainly, actual written or verbal communication by the agent to the party with whom he is dealing is the best method to disclose the agent's status. The agent who reveals his status and his principal's identity in such a way has performed the affirmative duty placed on him by the law and has removed the presumption that he acted in his individual capacity.

> > But when such a straightforward disclosure is not employed, an agent still may be able to escape individual liability by proving that sufficient indicia of the agency relationship were known by the third party to put him on notice of the principal/agent relationship. Express notice

of the agent's status and the principal's identity is unnecessary if facts and circumstances surrounding the transaction, combined with the general knowledge that persons in that type of business are usually acting as agents, demonstrate affirmatively that the third person should be charged with notice of the relationship. (citation omitted).

. . . .

Whether or not an agency relationship has been disclosed must be decided on a case-by-case basis. *J.T. Doiron, supra*, at 452.

As noted by this court in *Allain v. Tripple B. Holding, LLC*, 13-673, p. 7 (La.App. 3 Cir. 12/11/13), 128 So.3d 1278, 1284:

This principle is illustrated in *Brown v. Ardoin*, 95-256 (La.App. 3 Cir. 10/4/95), 663 So.2d 194, wherein a panel of this court addressed the liability of corporate representatives who failed to disclose their representative status. The court stated:

When a corporate officer or agent contracts on behalf of the corporation, he has the duty to disclose his representative status and the identity of his principal in order to avoid personal liability under the contract. However, the mere use of a tradename is not necessarily a sufficient disclosure by the individual that he is in fact contracting on behalf of a corporation so as to protect him against personal liability. The facts and circumstances of each case determine whether or not the individual sufficiently disclosed that he was acting in a representative capacity so as to alert the other contracting party that the contract was with a corporation.

*Id*. at 198 (quoting *Transport Refrigeration of La., Inc. v. D'Antoni*, 281 So.2d 469, 471 (La.App. 4 Cir.1973)).

Here, there is no evidence indicating that Bergeron expressly told, or notified, Bourque that he was acting on behalf of an LLC. The letterhead on which the proposals and invoices were submitted do not, by themselves, conclusively establish that Bourque contracted with a separate juridical entity, or that Bourque knew, or should have known, Bergeron was otherwise acting in a representative capacity on behalf of a juridical entity. The letterhead does not reflect LLC status of a business,

8

much less the correct name of Bergeron's business, and it also provides Bergeron's individual name and address. Further, the fact that the Bourques' checks were written to "Bergeron's" and "Bergerons Metal Buildings," does not, by itself, conclusively establish that Bourque knew he was dealing with a juridical entity, rather than simply with Mr. Bergeron individually, doing business under a tradename.

While the evidence submitted in connection with Bergeron's Motion for Summary Judgment does not conclusively establish that Bergeron expressly told Bourque he was acting in a representative capacity on behalf of a juridical entity, the trial court may still weigh the facts and circumstances presented to determine whether "sufficient indicia of the agency relationship were known by the third party [Bourque] to put him on notice of the principal/agent relationship." *Allain*, 128 So.3d at 1284. However, any such weighing of evidence is not appropriate for summary judgment. Rather, material issues of fact remain as to whether Bergeron adequately disclosed his representative status and/or whether Bourque knew or should have known he was doing business with an LLC. Therefore, we reverse the trial court's summary judgment dismissal of Bourque's claims against Bergeron individually and remand the matter for further proceedings.

## DECREE

For the reasons stated above, the trial court's summary judgment dismissal of Kenneth Bourque's claims against Butch Bergeron individually is hereby reversed, and the matter is remanded to the trial court for further proceedings. Costs of this appeal are assessed to Butch Bergeron.

**REVERSED AND REMANDED.**

9