SHELBY v. BURROW.

Opinion delivered October 14, 1905.

1. AGENCY—RIGHT OF AGENT TO SUE.—Kirby's Digest, § 6002, providing that a person with whom or in whose name a contract is made for the benefit of another may bring an action without joining with him the person for whose benefit it is prosecuted, makes no change in the law. (Page 560.)

2. SAME—UNDISCLOSED PRINCIPAL.—Where an agent, or a subagent for him, makes a valid contract with a third person in his own name, without disclosing his principal, the contract is binding upon the agent in his individual capacity, and either party to it can enforce it against the other, independently of the undisclosed principal. (Page 560.)

Appeal from Conway Circuit Court.

N. T. HAWKINS, Special Judge.

Affirmed.

*Sellers & Sellers,* for appellant.

1. The contract was the basis of the action, and, there being no proof that any cotton was raised on the farm of M. D. Shelby, no recovery could be had. 36 So. 1005; 56 Atl. 672.

2. Appellee was not the real party in interest. 15 Enc. Pl. & Pr. p. 713; Kirby's Dig. § § 6001. 6002, 6004. An assignor cannot sue in his own name. 15 Enc. Pl. & Pr. p. p. 709, 715; Kirby's Digest, § 5999; 1 Ark. 220; 31 Ark. 597; 4 *Id.* 535. Nor can he sue as one in whose name a contract is made for the benefit of another. Kirby's Digest, § 6002; 22 Enc. Pl. & Pr. 175; 25 Cal. 26; 48 Mo. App. 65; 30 Mo. 389; 104 *Id.* 270; 12 *Id.* 433; 69 N. Y. 280; 36 Kans. 250; 15 Enc. Pl. & Pr. p. 719; 65 Ark. p. 30. See also 73 Cal. 522; 59 Am. Rep. 541; 39 Am. St. 39; 47 N. Y. 233; 26 Or. 186; 92 Hun, 133.

3. The contract was void, there being no agreement or contract with or for the benefit of the Moose Gin Co. 123 Mass, 28; 25 Am. Rep. 9; 3 Sm. & G. 101. An offer to buy of one cannot be accepted by another who succeeds to the business: 9 Cyc. p. 403, n. 19; 32 N. Y. App. Div. 592; 97 Mass. 303. An offer to buy or sell is not assignable. 2 H. & N. 564; 127 U. S. 387; 64 E. C. L. 310; 37 Ark. p. 193. So, a contract by an agent claiming to represent one person, while in reality he

represents another, is absolutely void. 37 Oh. St. 356; 117 Mass 23; 1 Am. & Eng. Enc. p. 418, 2 col. of notes; 33 Am. Dec. p. 702 and notes; 3 App. Cases. 459; 64 N. Y. App. Div. 109; 96 Fed. 164.

*Charles C. Reid,* for appellee.

1. Burrow was the real party in interest, being the owner of the legal title, and has the right to sue. 69 Ark. 66; 36 Ark.' 456, 463; 58 Ark. 487; 100 Fed. 56; 65 N. Y. Sup. 733. The legal owner is the real party in interest. 16 Pac. 236; 24 S. W. 567; 42 N. W. 319; 43 N. W. 715; 72 Pac. 744. He may maintain the action though he made the contract for the benefit of another. 65 Ark. 30; 48 Ark. 355.

2. He could sue as agent of the Moose Gin Co. 16 Enc. Pl. & Pr. 890, 897; 46 N. W. 335; Bishop on Contracts, § 356; Mechem on Agency, § § 754, 755.

3. A cotton factor has a beneficial interest, and can maintain an action in his own name. Mechem on Agency, Sec. 756. There was no fraud—can be none without injury, 53 Ark. 275; 43 Ark. 456.

BATTLE, J. On the 25th day of June, 1900, M. D. Shelby and C. C. Burrow entered into a written contract in the words and figures following:

"MORRILTON, ARK., June 25, 1900.

"This contract, entered into this 25th day of June, by and between M. D. Shelby and C. C. Burrow & Co., of Little Rock, witnesseth:

"That C. C. Burrow & Co. have this day bought of M. D. Shelby one hundred round bales at seven and forty-hundredths (7.40) cents per pound, to be delivered at Morrilton on or before the 15th day of December 1900. Cotton to be gathered in good condition off of the farm of M. D. Shelby in bottom.

"M. D. SHELBY,
"C. C. BURROW & Co., (Heagan)."

J. M. Heagan, by the express authority of Burrow, made this contract in his name. In this way the cotton was purchased for the Moose Gin Company. At the time the contract was entered into, no principal was disclosed to Shelby by Burrow, or Heagan acting for him. Shelby thought and believed he was selling, and intended to sell, the cotton to Burrow for his use

and benefit. He would not have sold to Moose Gin Company, because he believed it was insolvent. Shelby failed to deliver the cotton, and refused to perform the contract. Burrow brought this action to recover damages sustained by the nonperformance. The question is, can he maintain the action? Shelby insists that he made no contract with Moose Gin Company, or for its benefit, and, Burrow having purchased the cotton for it, the sale is void.

In this case Burrow was the agent of Moose Gin Company, and Heagan acted as his agent, with the express consent of his principal. Heagan was the subagent of Burrow. The cotton was purchased by Burrow in his own name, without disclosing his principal. Shelby believed that he was purchasing for his own benefit. This did not render the contract invalid. An agent can make a valid contract with a third person in his own name, without disclosing his principal. Such contract is binding upon the agent in his individual capacity, and either party to it can enforce it against the other, independently of the undisclosed principal. "In such case the agent is, in contemplation of the law, the real contracting party, to whom the promises of the other were made, and who is entitled to enforce them." He can sue upon the contract, and can, unless the principal intervenes, "recover the full measure of damages for its breach, in the same manner as though the action had been brought by the principal." Mechem on Agency, § § 755, 763; Clark & Skyles on Law of Agency, pages 1331, 1341.

The fact that the contract was made by a subagent does not alter the case. The subagent acted for the agent with the consent of the principal, and his acts as such were valid and binding.

The statutes in this State make no change in the law allowing an agent to sue on a contract made in his own name. Kirby's Digest, § 6002; 2 Clark & Skyles on the Law of Agency, § 615; *Considerant v. Brisbane,* 22 N. Y. 389.

This case is unlike *Boston Ice Co.* v. *Potter,* 123 Mass. 28, cited by appellant. In that case Potter had had a contract with plaintiff Ice Company, and had terminated it, and made another with the Citizens Ice Company. The Citizens Ice Company sold out its business to the plaintiff company, which continued

to supply ice to the defendant without informing him of the change. On an action on account for ice actually delivered and used, the court held that no recovery could be had, saying:

"A party has a right to select and determine with whom he will contract, and cannot have another person thrust upon him without his consent. It may be of importance to him who performs the contract, as when he contracts with another to paint a picture, or write a book, or furnish articles of a particular kind, or when he relies upon the character or qualities of an individual, or has, as in this case, reasons why he does not wish to deal with a particular party. In all these cases, as he may contract with whom he pleases, the sufficiency of his reasons for so doing cannot be inquired into."

In that case the defendant made no contract with the plaintiff as principal or agent. In this case he selected and determined with whom he would contract, and made a contract which is binding on both parties, and can be enforced by either party against the other. *Hamet* v. *Letcher,* 37 Ohio St. 356, another case cited by appellant, is unlike this. In that case one Rohner represented to Hamet that he was the agent of Letcher & Company, a firm who were buying hogs, and as such agent bought a lot of hogs from Hamet, paying him part of the purchase price. Hamet delivered the hogs to him, and he sold them to Letcher & Company, as his own, they paying him full value for them. Letcher & Company were ignorant of the fraud by which they were obtained. Hamet sued Letcher & Company for their value, and recovered. In that case there was no sale of the hogs. They were not sold to Rohner, nor to Letcher & Company, because Rohner was not their agent; and they were still the property of the plaintiff.

We hold that the contract of Burrow and Shelby is valid, and that Burrow can lawfully sue and recover thereon.

Judgment affirmed.