OLIVER *v.* EUREKA SPRINGS SALES COMPANY.

5-80                                          257 S. W. 2d 367

Opinion delivered May 4, 1953.

*J. B. Milham,* for appellant.

*J. E. Simpson,* for appellee.

GEORGE ROSE SMITH, J. The principal question in this case is whether a sales company which innocently sells stolen property at public auction can be held liable to the buyer for the failure of title.

The Eureka Springs Sales Company owns a sales barn at which livestock are regularly sold at auction. On May 19, 1951, Fred Oliver bid for, and became the purchaser, of three heifers. It happened that the animals were stolen property, and Oliver, after having paid their value to the true owner, brought this action to recover the amount of his bid. The trial court, sitting without a jury, found that the defendant sales company had no knowledge that the heifers were stolen property and had acted merely as an agent or broker for Harve Hopper, who had employed the sales company to sell the heifers on a commission basis. Upon this finding the court entered judgment for the defendant.

The evidence does not support the judgment. The sales company was not a broker, since it had been entrusted with the custody of the animals. Bouvier's Law

Dictionary (3d Rev.), "Brokers"; *Harby* v. *City of Hot Springs,* Ark., 11 S. W. 694. Instead, the sales company was acting as Hopper's agent, and it can escape liability only by showing that the identity of its principal was disclosed. There is no testimony to that effect. Oliver testified that as far as he knew the sales company was the owner of the animals offered for sale. If that was Oliver's understanding Hopper was an undisclosed principal, and Oliver may treat the sales company as a party to the contract. *Shelby* v. *Burrow,* 76 Ark. 558, 89 S. W. 464, 1 L. R. A., N. S. 303.

The defendant showed that in no instance does it have title to the livestock sold at the sales barn, and it may be inferred that Oliver knew this. Nevertheless it is not suggested that the auctioneer announced the names of the persons whose stock was being sold. At most Oliver realized that the sales company was acting as the agent of some unnamed principal. If so, the principal was only partially disclosed, and Oliver is entitled to enforce the contract as against the agent. *Cooley* v. *Ksir,* 105 Ark. 307, 151 S. W. 254, 43 L. R. A., N. S. 527. There is some indication that Oliver might have discovered the identity of the seller by examining the sales company's books, but he was certainly under no duty to do so and therefore cannot be charged with the information an investigation would have disclosed. Rest., Agency, § 9, Comment *d.*

A new trial being necessary, two other errors should be mentioned. First, the complaint alleged that the heifers were sold to Oliver by the sales company, Roy Dennis, and Hobart Stanley, and judgment was prayed against all three. The court sustained demurrers interposed by Dennis and Stanley. Construed liberally, the complaint states a cause of action against these defendants, and on remand their demurrers should be overruled. Second, a part owner of the sales company testified that he had no recollection of the sale to Oliver but that he had examined the company's records and had found that the heifers were brought to the sales barn by Harve Hopper. The records were the best evidence; so

the plaintiff's objection to the testimony should have been sustained.

Reversed.