STANLEY v. EUREKA SPRINGS SALES COMPANY.

5-456                                          269 S. W. 2d 319

Opinion delivered June 21, 1954.

H. G. Leathers, for appellant.

J. E. Simpson, for appellee.

PAUL WARD, J.   The only question presented by this appeal is the sufficiency of the evidence to support the jury's verdict. The accepted rule is that substantial evidence is sufficient.

The Background Facts leading up to this litigation are not disputed. On or about May 19, 1951, certain cattle which were stolen from M. Crow were delivered to appellee, Eureka Springs Sales Company. At the auction sale conducted by appellee one Fred Oliver bought the cattle for the purchase price of $438. Later after it became known that the cattle were stolen from Crow, Crow repossessed the cattle and Oliver sued appellee for the purchase price and interest. The issues raised in this suit by Oliver were determined by a former appeal to this court. See Oliver v. Eureka Springs Sales Company, et al., 222 Ark. 94, 257 S. W. 2d 367. On remand to the Circuit Court appellee confessed judgment in favor of Oliver in the amount of $496.02 which amount included the price paid by Oliver, interest and court costs.

In this same suit Oliver sued not only appellee but also Hobert Stanley [appellant herein] and Harve Hopper. In the answer filed by appellee it was alleged, in effect, that Stanley and Hopper had delivered the cattle to it for sale claiming to be the owner of the cattle and that it had no reason to suspect the cattle had been stolen. Appellee's prayer was ''that in the event the court should find any liability against the defendant [appellee herein]

it have judgment against the said Hobert Stanley and Harve Hopper for a like amount'' etc.

Upon the issue raised in appellee's answer the trial was had before a jury, resulting in a judgment against both Stanley and Hopper in favor of appellee. From this judgment Stanley has appealed.

The only issue raised by appellant in his motion for a new trial is the sufficiency of the evidence to sustain the verdict of the jury. In our opinion the evidence, as reflected by the record, is substantial and sufficient to support the verdict of the jury and the judgment of the court.

It was stipulated by the parties that: The cattle in question were stolen from M. Crow; The cattle were transported to appellee company near Eureka Springs and were checked in in the name of Harve Hopper; They were sold by appellee to Fred Oliver; Oliver paid Crow for the cattle and appellee has paid Oliver the amount which he had paid Crow.

W. A. Ferguson one of the owners of appellee company stated: When property is brought to the sales barn for sale it is checked in by the owner as appears on the check slip which is given to the owner; The cattle in question were checked in in the name of Harve Hopper, and; At the direction of Harve Hopper appellee company paid out of the sales price of the heifers two amounts, $375 and $63 which was the amount Fred Oliver paid for the heifers at the sale.

*Harve Hopper* testified: I know appellant and I am acquainted with the operations of appellee sales company; Appellant and I have done business together and I am familiar with the transactions relative to the cattle in question; The cattle were in a big truck outside the sales barn near the loading dock when appellant had me look at them; Appellant told me he had bought them for $375 and that if I would look after them through the sale he would give me one-half of the profit, since he had to meet a man in Berryville; Hobert Stanley unloaded

the cattle from the truck into the sales barn and tried to sell them to one Frank Jones for $140 a piece; I did not know the cattle were checked in in my name but when they were sold to Fred Oliver I went to the office to get my share of the profit; Appellee had the entire check made out to me but I gave it back to them and they paid me my profit of $63; and I took the $63 and gave Hobert Stanley one-half of it. *Frank Jones* testified that, on the occasion in question, Hobert Stanley tried to sell the cattle to him.

The court's instructions are not abstracted and appellant urges no objections to any of them. We will thus assume they were correct.

Affirmed.