**UNITED STATES of America,**
**Plaintiff,**

v.

**Daniel D. FERGUSON; Gene Hogan and George Schichtl, d/b/a Ozark Livestock Commission Company; A. L. Rodman, Hoyt Rodman, John D. Rodman and James Case, d/b/a Arkansas Livestock Commission Company; and Homer Brown and Major Lewis, d/b/a Brown & Lewis Auction Sales Company, Defendants.**

**Civ. No. 3334.**

United States District Court
E. D. Arkansas, W. D.

Jan. 17, 1958.

Osro Cobb, U. S. Dist. Atty., James W. Gallman, Asst. U. S. Dist. Atty., Little Rock, Ark., for plaintiff.

Willis V. Lewis, Lewis & Nixon, Little Rock, Ark., for defendants, Ozark Livestock Commission Co. and Arkansas Livestock Commission Co.

Amis Guthridge, Talley & Owen, John M. Lofton, Jr., Little Rock, Ark., for other defendants.

HARPER, District Judge.

The plaintiff, United States of America, seeks to recover judgment in varying amounts from the defendants, Daniel D. Ferguson; Gene Hogan and George Schichtl, doing business as Ozark Livestock Commission Company (hereinafter referred to as Ozark); A. L. Rodman, Hoyt Rodman, John D. Rodman and James Case, doing business as Arkansas Livestock Commission Company (hereinafter referred to as Arkansas); and Homer Brown and Major Lewis, doing business as Brown & Lewis Auction Sales Company (hereinafter referred to as Brown & Lewis).

Notes, secured by chattel mortgage on personal property, livestock and farm equipment, given by Daniel D. Ferguson to the plaintiff, constitute the basis of the suit as to Ferguson, on which a substantial balance is due and unpaid, and as to the other defendants, for conversion of some of the personal property.

The defendant, Daniel D. Ferguson, did not appear at the trial, and his attorneys, by letter to Judge Lemley dated April 22, 1957, agreed to a consent judgment against their client Ferguson.

The defendant, Brown & Lewis, admitted the allegations of the complaint by its separate answer on April 22, 1957, and filed a counterclaim against the defendant Ferguson, to which no response has been filed. Brown & Lewis did not appear at the trial.

The defendants Ozark and Arkansas contested the case and produced evidence at the trial.

It is undisputed that the defendant Ferguson gave to the plaintiff four promissory notes, one in the amount of $3,990 given in 1951, one in the amount of $1,275 given in 1952, one in the amount of $695 given in 1953, and one in the amount of $500 given in 1954; that no payments have been made on the three smaller notes; and that there is a balance due on the larger note. Since there is no dispute as to payments and the balance due, I shall not detail those.

It is further undisputed that the defendant Ferguson gave to the plaintiff chattel mortgages on various personal property, including livestock, to secure the notes, and that a number of the cattle covered by the chattel mortgages was sold by the defendant Ferguson and the proceeds from the sales not applied on said notes.

It was stipulated that the defendants Ozark and Arkansas, both being commission companies, sold a number of the cattle covered by the mortgages for the defendant Ferguson and paid the proceeds to the defendant Ferguson. The cattle which Ozark and Arkansas sold for Ferguson were covered by mortgages.

The interrogatories and requests for admissions set out in detail the amounts received for the sale of such cattle, and there is no dispute as to the amounts involved in said sales.

The defendants Ozark and Arkansas contend that the plaintiff gave to the Defendant Ferguson the permission to sell the cattle in question and to receive personally the proceeds, thereby waiving any liability on the part of the defendants Ozark and Arkansas, but such contention is not supported by the testimony.

Defendants Ozark and Arkansas further contend that they are not liable to the plaintiff for the reason that when the cattle were sold by them as commission men, they advised the purchaser of the cattle as to the owner, namely Ferguson, and as a result they are not liable.

Defendants' Exhibits 1, 2, 3, 4, 5 and 6 were introduced by these two defendants Ozark and Arkansas to support the contention that the purchaser knew the ownership of the cattle in question. The ownership of the cattle would have been set out on Defendants' Exhibits 5 and 6, but these two exhibits are drive-in slips and they are not given to the purchaser. In this instance one copy was given to Ferguson and the other copy placed on the pen containing the cattle, and there is no testimony to indicate the purchaser examined the drive-in slips.

Defendants' Exhibit 4 is a copy of the check and the information attached to the check which was delivered to Ferguson for the cattle in the instance of Ozark. It discloses the name of the purchaser to be Swift and does not disclose that Ozark was the selling agent, but rather, "Indicates it is acting as a commission buying agent and has filled an order with this livestock", which would indicate that Ozark was acting for the purchaser and not the seller. It was not seen by the purchaser.

Defendants' Exhibit 2 indicates the same situation.

Defendants' Exhibit 1 is the bill made out to the purchaser, which in Ozark's case would be Swift. It does not disclose the name of the owner, but sets out at the top, "Bought of Ozark Livestock Commission Company." In addition to the purchaser being given Defendants' Exhibit 1, the purchaser was given a weight slip, Defendants' Exhibit 3, and the weight slips show in each instance the seller and the purchaser, but in each instance show the seller as Ozark.

While some of the witnesses testified that the purchasers were verbally advised as to the ownership of the cattle in question, the defendants' exhibits indicate that such a procedure was not followed, and the court is led to the conclusion that when the cattle in question were sold, the purchaser was not advised as to the actual ownership of the cattle.

In United States v. Kramel, 234 F.2d 577, the 8th Circuit Court of

Appeals held that whether commission merchants were liable in a situation similar to the one involved in this case depended upon the state law, so the law of Arkansas governs. The law is well settled in Arkansas that mortgages which have been placed on record will be enforced against purchasers for value without notice, as the mortgages have been in this case. Ozark and Arkansas were not the purchasers here, but the Supreme Court of Arkansas, in Merchants' & Planters' Bank v. Meyer, 56 Ark. 499, 20 S.W. 406, 407, in dealing with the question of liability of one acting for the mortgagor in disposing of mortgaged property, had this to say:

> "An absolute sale of property mortgaged by a valid deed, which has been duly acknowledged and filed for record, made by anyone acting as agent of the mortgagor, in exclusion or defiance of the rights of the mortgagee, is a conversion for which such agent is liable to the mortgagee, though the sale is made in good faith, and without actual notice of the mortgage."

While this case was decided in 1892, it has been cited in many cases since that time, and in 1956 was cited by Judge Miller in United States v. Bartholomew, D.C., 137 F.Supp. 700, loc. cit. 707–708.

█ █ The testimony clearly indicates that Ozark and Arkansas were acting as agents for Ferguson. The exhibits would further indicate that they may well have been acting as agent for the purchaser as well, but insofar as Ferguson was concerned the money was paid to them, and they in turn paid it to Ferguson, and in view of the holding in Merchants' & Planters' Bank, supra, since they were acting as the agent of the mortgagor, they are liable to the mortgagee, despite the fact they acted in good faith and without actual notice of the mortgage.

The Supreme Court of Arkansas in Oliver v. Eureka Springs Sales Co., 222 Ark. 94, 257 S.W.2d 367, in dictum, in a suit involving a sales barn, indicated that if the agent disclosed the identity of the principal, it could escape liability but under the facts in the Oliver case, such is dictum and the Arkansas cases dealing with the particular problem in this case have held to the contrary.

As previously indicated, however, even if the dictum in the Oliver case were the law of Arkansas, the plaintiff would still be entitled to recover against Ozark and Arkansas for the reason that the exhibits which they introduced leads the court to the conclusion that the identity of the owner of the cattle was not disclosed to the purchaser at the time of the sale.

█ The testimony indicates that the amount paid to Ferguson by Ozark and Arkansas was the fair market value of the cattle, and the judgment should accordingly be against each of them for the amount so paid.

Attorney for the plaintiff will prepare the findings of fact, conclusions of law and judgment in accordance with this opinion and submit same to the court for signature and entry.