OPINION OF THE COURT
Memorandum.
Judgment in favor of plaintiff Ali T. Masoud affirmed, without costs.
*643 Judgment in favor of plaintiff Aiyed Masoud, also known as Masshur T. Abuhamda, reversed, without costs, and said plaintiffs’ cause of action dismissed.
Appeal by third-party defendant Garrett from judgment dated and entered May 9, 1985 and noticed for a subsequent term of the court, is hereby adjourned to the June 1985 term.
Plaintiff Ali T. Masoud (Masoud) purchased a vehicle from appellant, a licensed auctioneer, at an auction sale. The vehicle was represented to be a 1969 Mercedes-Benz automobile. Four months later, Masoud’s brother, plaintiff Aiyed Masoud, also known as Masshur T. Abuhamda (Abuhamda), was arrested for possession of a stolen 1973 Mercedes-Benz automobile as he was driving to work. He was held in police custody for approximately three and a half hours, during half of which period he was handcuffed, before he was released. Plaintiffs testified that the vehicle impounded by police was the vehicle purchased from appellant and that they had done nothing to the automobile other than change the tires. Appellant’s manager testified that the principal’s name was not disclosed to plaintiffs before the auction took place and that prospective buyers were informed in a brochure distributed prior to the auction and by the auctioneer at the commencement of the auction that “the cars are sold free and clear” and appellant “guaranteed title.” The court rendered a judgment in favor of Masoud for a sum equal to the purchase price of the vehicle plus interest, as demanded in the complaint, and a judgment in favor of Abuhamda for his damages.
The finding that the vehicle seized by the police was the vehicle sold to Masoud is not contrary to the weight of the evidence. There was an issue of credibility for the trier of the facts, here the judge sitting without a jury, and it cannot be said that the plaintiffs’ testimony is incredible as a matter of law.
An auctioneer who sells property without disclosing the name of his principal may be responsible to the buyer for the title and for breach of warranty. An auctioneer may also be held liable to the buyer for personal misrepresentations or on his personal warranty (7 NY Jur 2d, Auctions and Auctioneers, §§ 33, 34). The terms “guaranty” and “warranty” “are often used colloquially and in commercial transactions as having the same signification” (Black’s Law Dictionary 635 [5th ed]). Accordingly, appellant is liable to Masoud for breach of implied and express warranty of title (Uniform Commercial Code §§ 2-312,2-313; see, Itoh v Kimi Sales, 74 Misc 2d 402, 403).
*644 In the absence of “special circumstances”, for example, an increase in the value of the stolen property, the measure of damages for breach of warranty of title is the value of the property at the time and place of acceptance (Uniform Commercial Code § 2-714 [2]; cf. Menzel v List, 24 NY2d 91; Simon v Electrospace Corp., 28 NY2d 136, 144) and at a minimum, the buyer is entitled to recover the price he paid without setoff for the value of its use (2 Williston, Sales § 16-8 [2] [c], at 458 [4th ed]; Menzel v List, supra, p 97; see, Uniform Commercial Code §§ 1-103, 1-106). To the extent that the holding in Itoh v Kimi Sales (supra) is to the contrary, we disapprove. Accordingly, the judgment in favor of Masoud must be affirmed.
The award of damages to Abuhamda, however, is not supported by authority. There is no evidence that appellant’s misrepresentation that the title was “free and clear” was other than innocent or that appellant was negligent. The risk of arrest and detention for possession of a stolen vehicle is not a risk of injury to person or property within the doctrine of strict product liability. Nor is the award authorized as one of “consequential damages” under the Uniform Commercial Code (§ 2-714 [3]; § 2-715 [2] [b]). Privity is required to support an award of “consequential damages” under the statute and section 2-318, which gives “all persons who could be reasonably expected to use a product privity with the seller for any breach of the implied warranty of merchantability which causes personal injury” (Carpinello, Distinguishing between Tort and Contract in Product Liability Context, One on One, Newsletter of General Practice Section of New York State Bar Association, vol 5, No. 3, at 6) does not in our opinion apply to a breach of warranty of title (see, McKinney’s Cons Laws of NY, Book 62Vfc, Uniform Commercial Code § 2-318, comment 2, p 315). The judgment in favor of Abuhamda must therefore be reversed.
We express no opinion as to whether recovery may be had for consequential damages due to breach of warranty of title where there is privity between the injured party and the seller.
We incidentally note that the disposition of the appeal by the third-party defendant Garrett was dependent upon determination of the issues herein and said later appeal was scheduled for a term in which two of the justices are no longer with this court.
Pino, P. J., Jones and Kunzeman, JJ., concur.