Pursuant to Rule 14, A.R.Civ.P., Alvin Abercrombie and Abercrombie Chevrolet, Inc., filed a third-party action against Nashville Auto Auction, Inc. ("Nashville Auto Auction"), claiming intentional or reckless misrepresentation in the sale of an automobile. The trial court entered a summary judgment for Nashville Auto Auction. The third-party plaintiffs appeal; we affirm.
The following material facts are undisputed: Nashville Auto Auction, a Tennessee corporation with its principal place of business in Nashville, Tennessee, performs auction services for automobile dealers. Alvin Abercrombie, president of Abercrombie Chevrolet, Inc., is an experienced automobile dealer and is also experienced in purchasing automobiles at auction. On June 13, 1984, as president of Abercrombie Chevrolet and on its behalf, he attended an auction at Nashville Auto Auction and purchased a 1981 Chevrolet Caprice from an automobile dealer named Steve Mason. The mileage, as reflected on the automobile's odometer, was announced by the auctioneer and a sign showing the mileage had been attached to one of the automobile's windows. Mr. Abercrombie made the highest bid on the automobile; however, the bid was rejected by Mason. Thereafter, he was informed that he could purchase the automobile for the amount that he had previously bid. He then met with Mason and agreed to purchase the automobile. A bill of sale was prepared by Nashville Auto Auction. Large signs, which set out the rules and regulations of the auction, were posted in plain view on the premises on the date that Abercrombie purchased the automobile. These signs, in pertinent part, stated that the "[s]eller [was] responsible *Page 518 
to ensure [that] the year, model and odometer information written on the vehicle [was] correct," that "[a]ll warranties [were] those of the seller only," and that "[t]he auction [made] no warranties implied or expressed." Pamphlets setting out the rules and regulations were also made available to automobile dealers, like Mr. Abercrombie, who were registered at the auction. In the bill of sale, Mason certified that the odometer reading was accurate. Abercrombie Chevrolet later sold the automobile to Bascome Estes, who, upon learning that the odometer had been rolled back, sued Abercrombie and the corporation for, inter alia, misrepresenting the mileage. Those two defendants then filed this third-party action, alleging that Nashville Auto Auction had intentionally or recklessly misrepresented that the mileage reflected on the odometer was correct. The trial court entered a summary judgment for Nashville Auto Auction and certified it as final pursuant to Rule 54(b), A.R.Civ.P.
It has been held in Alabama that an auctioneer, in selling property for another, is the agent of the seller, and that if the auctioneer acts on behalf of a disclosed principal, he is not liable to the buyer for a defect in the title to the property sold, provided that he does not incur liability by personally warranting good title. Welch v. Mitchell,351 So.2d 911 (Ala.Civ.App. 1977); see, also, 7 Am.Jur.2d Auctions andAuctioneers § 66 (1980). The rationale underlying this rule is that an auctioneer who, in discharging his ordinary duties, sells property on behalf of a disclosed principal generally is not regarded as warranting good title. On the other hand, an auctioneer who sells property without disclosing his principal is, in the eyes of the law, considered as the vendor himself and, as such, is responsible to the buyer for a defect in the title. See 7 Am.Jur.2d, supra, § 67. When the foregoing principles are applied within the context of the present case, it logically follows that an auctioneer who, in discharging his ordinary duties, acts on behalf of a disclosed principal should not be liable for fraud, unless the buyer proves, in addition to the other elements necessary to sustain an action for fraud, see Ala. Code 1975, § 6-5-101, that the auctioneer made a misrepresentation of his own concerning the item sold.[1] See, also, Masoud v. Ban Credit Service Agency, 128 Misc.2d 642,494 N.Y.S.2d 598 (Sup.Ct. 1985); West v. Klumpp, 417 So.2d 125
(La.Ct.App. 1982); Castille v. Folck, 338 So.2d 328 (La.Ct.App. 1976); Ingram v. Canal Bank Trust Co., 13 La. App. 651,127 So. 462 (1930).
The action in the present case was commenced after June 11, 1987; therefore, the applicable standard of review is the substantial evidence rule. See Ala. Code 1975, § 12-21-12. As a review of the record and the briefs of the parties reveals, however, the third-party plaintiffs failed to offer even a scintilla of evidence to rebut the showing by Nashville Auto Auction that it was entitled to a judgment as a matter of law. The undisputed facts show that although the mileage, as reflected on the automobile's odometer, was announced to the prospective buyers and a sign indicating the mileage had been attached to one of the automobile's windows, those representations were made by Nashville Auto Auction strictly in its capacity as auctioneer. Mason's identity as the seller was fully disclosed, and no evidence was offered to show that Nashville Auto Auction intended to deviate from its policy, as reflected in its rules and regulations, of making no representations of its own concerning the accuracy of the mileage reflected on an automobile's odometer. Because the third-party plaintiffs failed to prove an essential element of a cause of action for fraud — a misrepresentation — summary *Page 519 
judgment for Nashville Auto Auction was proper.
AFFIRMED.
HORNSBY, C.J., JONES, SHORES, ADAMS and KENNEDY, JJ., concur.
[1] It should be noted that the traditional conflicts rule of lexloci delicti applies to tort actions brought in this state.Powell v. Sappington, 495 So.2d 569 (Ala. 1986). Under this principle, an Alabama court will determine the substantive rights of an injured party according to the law of the state where the injury occurred. At no point during the proceedings in the present case has the substantive law of Tennessee been asserted as controlling, even though the third-party plaintiffs seek to recover damages for fraud allegedly perpetrated in Tennessee. Therefore, Alabama's substantive law has, by virtue of the acquiescence of the parties, become the law of the case. See Blumberg v. Touche Ross Co., 514 So.2d 922 (Ala. 1987).