573 So.2d 783 (1990)
Bill JONES d/b/a Sunbelt Auctions and Associates
v.
Dwayne D. BALLARD d/b/a Ddb Construction Company.
No. 89-CA-1044.
Supreme Court of Mississippi.
December 19, 1990.
Rehearing Denied January 30, 1991.
*784 Jerry L. Bustin, Forest, for appellant.
Robert W. King, King & Spencer, Jackson, for appellee.
Before DAN M. LEE, P.J., and ROBERTSON and ANDERSON, JJ.
En Banc.
Affirmed.

ON PETITION FOR REHEARING
ROBERTSON, Justice, for the Court:

I.
This case requires that we articulate an auctioneer's liability where the title he conveys at public auction contains a fatal defect. The facts reflect that the auctioneer sold stolen goods, and the buyer at auction has sued to get his money back. The Circuit Court entered judgment against the auctioneer summarily. We affirm.

II.
Bill Jones is an adult resident citizen of Scott County who does business as Sunbelt Auctions in Forest, Mississippi. On January 9, 1988, Jones offered for sale at public auction a used John Deere 410-D backhoe. Several days earlier, Robert Luckey of Clinton, Mississippi, had delivered the backhoe to Jones under a consignment agreement which authorized Jones to sell it for an eight percent commission. These facts, however, were not disclosed, and in due course, Dwayne D. Ballard of Clinton, Mississippi, purchased the backhoe at public auction for the sum of $10,500.00. Immediately thereafter, Ballard delivered his check to Jones and took possession of the backhoe.
Ballard improved the backhoe, making certain repairs at an expense of in excess of $1,000.00. Ballard then sold the backhoe to a third party, Stan Black, for the sum of $15,000.00.
On April 22, 1988, Officer Thomas Ward of the Mississippi Department of Public Safety, Criminal Investigation Division, contacted Black and asked to examine the backhoe. After investigation, Officer Ward determined that the backhoe was one that had been stolen from one Sam Thomas in Shelby County, Tennessee, on January 5, 1988  four days before Jones sold it to Ballard at auction. Officer Ward then took possession of the backhoe and returned it to its lawful owner in Tennessee. Understandably miffed, Black contacted Ballard, told him of what had happened, and demanded return of his $15,000.00 purchase price. Under the circumstances, Ballard had no alternative but to accede to the demand and, in fact, refunded what Black had paid him.
Ballard, plaintiff below and appellee here, then looked to Jones, his auctioneer, and demanded that Jones reimburse him for his purchase price and the money he was out due to the work he had done on the backhoe. Jones refused the demand, and, on May 28, 1988, Ballard commenced the present civil action by filing his complaint in the Circuit Court of Scott County, Mississippi, naming Bill Jones, d/b/a Sunbelt Auctions and Associates, as defendant. Ballard charged that under the circumstances, Jones had impliedly warranted *785 that he had title to the backhoe at the time of the auction sale and that the title had proved defective, in consequence of which Ballard was out the $10,500.00 purchase price and the sums he had expended improving the backhoe.
Jones answered and denied the essential allegations of the complaint and thereafter filed a third party complaint against Robert Luckey, demanding indemnity of and from Luckey in the event Jones should be held liable to Ballard. See Rule 14(a), Miss.R. Civ.P.[1] Ballard then moved for summary judgment on his complaint against Jones and supported his motion with his own affidavit and that of Barney Barefield, who also attended the January 9 auction in Forest, Mississippi. The record reflects no formal opposition to the motion and, particularly, no counter affidavits or other materials filed on Jones' behalf. On September 5, 1989, the Circuit Court granted the motion and entered judgment in favor of Ballard and against Jones in the principal sum of $11,500.00 together with interest and costs. The Circuit Court granted Jones' motion for an immediate appeal, his third party complaint against Luckey remaining active on the docket. See Rule 54(b), Miss. R.Civ.P.

III.
What quality of title an auctioneer conveys a purchaser may, of course, be the subject of contract. Insofar as we are aware, this state has never addressed the question of the quality of title the auctioneer is held to convey absent contract. The record before us reflects a conventional public sale held at Jones' auction house in Forest, Mississippi. Nothing before us suggests any special contract or agreement between Jones and Ballard beyond the simple fact that Ballard was the successful bidder for the John Deere 410 backhoe for the sum of $10,500.00 and that Ballard did, in fact, pay Jones that amount.
Years ago, the United States Court of Appeals for the Fifth Circuit made an Erie-guess[2] that we would follow the general rule and hold that an auctioneer impliedly warrants that he has title to that which he sells. McElroy v. Long, 170 F.2d 345, 347 (5th Cir.1948) recognized that an auctioneer who sells property without divulging his principal is considered to be a vendor responsible to the buyer for any deficiency in the title in the goods conveyed. The McElroy court explained that
The fact that [a person] is known to a bidder to be an auctioneer, by profession selling as an agent for others, is of no import and is no notice that he may not be selling his own property.
McElroy, 170 F.2d at 347. More than four decades later, we declare McElroy's Erie -prophesy fulfilled.
This rule  that an auctioneer who fails to disclose his principal  is deemed to warrant title to goods he sells  is widely accepted in other states. See, e.g., Universal C.I.T. Credit Corp. v. State Farm Mutual Automobile Insurance Co., 493 S.W.2d 385, 390 (Mo. App. 1973); Abercrombie v. Nashville Auto Auction, Inc., 541 So.2d 516, 518 (Ala. 1989); Michigan National Bank v. Michigan Livestock Exchange, 432 Mich. 277, 439 N.W.2d 884, 886 (1989); Masoud v. Ban Credit Service Agency, 128 Misc.2d 642, 494 N.Y.S.2d 598, 600 (1985); Oliver v. Eureka Springs Sales Co., 222 Ark. 94, 257 S.W.2d 367, 368 (1953); see also, 7 Am.Jur.2d Auctions and Auctioneers § 67 nn. 47-50. These courts have replied to the intuitive thought that surely an auctioneer is not acting for himself but selling the property for someone else in language such as this:
That argument proceeds on a mistaken view of the law.... [T]he mere fact that a defendant is acting as an auctioneer is not in itself sufficient notice to provide immunity from liability. The requirement *786 is that auctioneer disclose the name of its principal, and the record in this case is abundantly clear that this was not done... . [Moreover, ... the] bidder was not advised and could not ascertain the name of the selling dealer until after the sale had already been consummated. Under these admitted facts, Auction Company must be held to the obligation of an implied warranty to Banning... .
Universal C.I.T., 493 S.W.2d at 391.
The theory of the rule is that an auctioneer is in a better position than buyers at an auction to ascertain the title to property being sold which would indicate the true owners. See State Bank of Independence v. Equity Livestock Auction Market, 141 Wis.2d 776, 782, 417 N.W.2d 32, 34 (App. 1987) (quoting PCA v. Equity Coop Livestock Sales Ass'n, 82 Wis.2d 5, 8-9 n. 5, 261 N.W.2d 127, 128 n. 5 (1978); Accord Heritage Bank, N.A. v. Vilsmeier Auction Co., 218 N.J. Super. 440, 443, 527 A.2d 970, 971 (1986) (auctioneer could have known of bank's interest if it had applied for a title search from the DMV and paid a relatively small fee). Under the rule the auctioneer may protect himself by the simple act of disclosing his principal.
The facts before the Circuit Court consist of the affidavit of Dwayne D. Ballard that
... the name of the owner and seller of the backhoe was not disclosed to me or any other persons present and I did not know the name of the owner but relied on the reputation of Bill Jones in purchasing the backhoe.
Barney Barefield furnished a supporting affidavit stating that he also was present at the auction, naming a number of other persons who were present, and stating unequivocally
... the name of the owner and seller of that backhoe and other equipment sold at the auction on that date was not disclosed by Bill Jones or anyone else involved in conducting the auction.
In the face of our well established summary judgment rule that the party opposing the motion must be diligent[3] in countering the movant's affidavits, see Bourn v. Tomlinson Interest, Inc., 456 So.2d 747, 749 (Miss. 1984); Jones offered nothing which contradicted Ballard and Barefield on this critical issue.
On appeal, Jones seeks reversal by arguing that his answer and third party complaint against Robert Luckey raise genuine issues of material fact. We have reviewed the answer and it adds nothing. The third party complaint against Luckey, which Jones mislabels "cross complaint," sets out a number of allegations and charges, the net effect of which was that Jones had no idea that Luckey had stolen the backhoe and was acting with due care and in good faith at all times. The problem with these allegations, first, is that they are not sworn and thus are not eligible for consideration in opposition to summary judgment, see Rule 56(e), Miss.R.Civ.P., but more fundamentally, they are not allegations which Ballard was required to respond to. See Rule 7(a), Miss.R.Civ.P. They are Jones' complaint against Luckey, not Ballard. They furnish Jones no mileage in evading summary judgment.

IV.
Jones complains that the judgment below is defective because it fails to include findings of fact and a general explanation of the grounds upon which the motion was granted. We have reviewed the motion  which appears to have been prepared by counsel for Ballard, no doubt at the request of the Circuit Court  and it merely recites that the motion has been heard and considered, "that there is no genuine issue as to any material fact ... and that the plaintiff is entitled to a judgment against the defendant as a matter of law." No doubt it would be the better practice for the order to explain its rationale. See Tricon Metals & Services, Inc. v. Topp, 516 So.2d 236, 239 (Miss. 1987). The present record reflects a *787 single dispositive issue, the liability of auctioneer Jones in the absence of his disclosure of his principal, and we think it more than apparent that the Circuit Court proceeded on the premise that Jones did impliedly warrant the title to the backhoe when he sold it to Ballard.

V.
Jones finally complains of the timing of the summary judgment proceedings, urging the familiar ten-day rule. Rule 56(c), Miss.R.Civ.P. Ballard filed his motion on August 17, 1989. The record contains no motion from Jones for a continuance of the summary judgment proceedings or in any way objecting to the Court acting promptly on the matter. The order granting summary judgment was entered September 5, 1989  some nineteen days after Ballard filed his motion. Insofar as the record reflects, this appeal is the first time any complaint was made of the timing of the summary judgment process.

VI.
We find the appeal of Bill Jones, d/b/a Sunbelt Auctions and Associates without merit and affirm the judgment of the Circuit Court. All of this, of course, is without prejudice to Jones' rights on his third party complaint against Robert Luckey.
PETITION FOR REHEARING DENIED; AFFIRMED.
ROY NOBLE LEE, C.J., HAWKINS, P.J., and PRATHER, SULLIVAN and PITTMAN, JJ., concur.
DAN M. LEE, P.J., concurs in result only.
BANKS and McRAE, JJ., not participating.
NOTES
[1] On July 19, 1989, the United States District Court for the Southern District of Mississippi entered an order adjudging that Robert Luckey was guilty of possession and sale of stolen vehicles, 18 U.S.C. § 2313, and ordering that Luckey be imprisoned for two years, ordered to pay restitution and perform other conditions. See United States v. Luckey, U.S.D.C.S.D.Miss. No. J89-0001(W).
[2] See Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).
[3] Stuart, Summary Judgment: A Trial Practitioner's Guide to Mississippi Rule of Civil Procedure 56, 59 Miss.L.J. 277, 312 (1989).