"I think the desideratum of predictability must be kept in proper perspective." Professor David Seidelson, InterestAnalysis or the Restatement Second of Conflicts: Which is thePreferable Approach to Resolving Choice-of-Law Problems? 27 Duq.L.Rev. 73, 114 (1988). (Emphasis added.) Professor Seidelson's article was cited and quoted extensively in the brief of Mr. Fitts as administrator.
It is true that in a lawsuit predictability of result is not readily achievable, even in a case involving no choice-of-law problem. However, predictability of the law to be applied by the trial and appellate courts is something needed and desired. The rule of lex loci delicti has been consistently applied in Alabama for almost 100 years. Abercrombie v. Nashville AutoAuction, Inc., 541 So.2d 516 (Ala. 1989); Alabama GreatSouthern R.R. v. Carroll, 97 Ala. 126, 11 So. 803 (1892). Predictability in regard to the rule of law that will be applied by the courts of a particular jurisdiction is essential, except as to a rule of law that would not be consented to today by the conscience and feeling of justice of the majority of those whose obedience is required. Barnes v.Birmingham International Raceway, Inc., 551 So.2d 929, 933
(Ala. 1989); Ex parte Bayliss, 550 So.2d 986, 994 (Ala. 1989). I am not persuaded that the doctrine of lex loci delicti would not be consented to by the conscience and feeling of justice of the majority of Alabamians; therefore, I will not depart from the doctrine of stare decisis.