Ijeoma J. Ihebinandu and Morris Ezumah, Respondents,
against
David R. Maltz & Co., Inc., Appellant.




David R. Maltz & Co., Inc., appellant pro se.
Ijeoma J. Ihebinandu, respondent pro se (no brief filed).
Morris Ezumah, respondent pro se (no brief filed).

Appeal from a judgment of the District Court of Suffolk County, Second District (James F. Matthews, J.), entered September 11, 2018. The judgment, after a nonjury trial, awarded plaintiffs the principal sum of $5,000.




ORDERED that the judgment is affirmed, without costs.
In this small claims action, plaintiffs seek to recover the principal sum of $5,000. At a nonjury trial, it was established that defendant, an auctioneer acting as an agent for the New York State Department of Taxation and Finance (NYSDTF), had sold plaintiffs a vehicle which the NYSDTF had seized pursuant to a tax lien, based on plaintiffs' "high bid" at auction of $7,000. Plaintiffs testified that they had been informed by defendant's manager that there were no liens on the vehicle, and had relied on that representation when they made their bid. Eight days after plaintiffs' purchase of the vehicle, it was taken from plaintiffs because of a prior bank lien on the car. Following the trial, plaintiffs were awarded the principal sum of $5,000.
In a small claims action, our review is limited to a determination of whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive law" (UDCA1807; see UDCA 1804; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125, 126 [2000]). The determination of a trier of fact as to issues of credibility is given substantial deference, as a trial court's opportunity to observe and evaluate the testimony [*2]and demeanor of the witnesses affords it a better perspective from which to assess their credibility (see Vizzari v State of New York, 184 AD2d 564 [1992]; Kincade v Kincade, 178 AD2d 510, 511 [1991]). This deference applies with greater force to judgments rendered in the Small Claims Part of the court (see Williams v Roper, 269 AD2d at 126).
Even though "an auctioneer serves as a consignor's agent" (William J. Jenack Estate Appraisers & Auctioneers, Inc. v Rabizadeh, 22 NY3d 470, 478 [2013]), "[a]n auctioneer may . . . be held liable to the buyer for personal misrepresentations or on his personal warranty" (Masoud v Ban Credit Serv. Agency, 128 Misc 2d 642, 643 [App Term, 2d Dept, 2d & 11th Jud Dists 1985]; see 7 NY Jur 2d, Auctions and Auctioneers § 44). The District Court credited plaintiffs' testimony that, in making their bid, they had relied on the express representation of defendant's representative that there were no liens on the vehicle, and found that plaintiffs' reliance on such representation had been reasonable. In light of the District Court's finding of an express warranty, we do not reach the issue of whether the vehicle was subject to a statutory warranty (see General Business Law § 23 [4]), or whether defendant established that the vehicle was exempt therefrom (see General Business Law § 23 [8], [11]). In this circumstance, we find that the judgment rendered substantial justice between the parties (see UDCA 1804, 1807).
We note that we do not consider factual assertions contained in defendant's brief which are dehors the record (see Chimarios v Duhl, 152 AD2d 508 [1989]).
Accordingly, the judgment is affirmed.
RUDERMAN, J.P., ADAMS and TOLBERT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: October 24, 2019